HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Estes Law, P.C.
605 Forest Street
Reno, Nevada  89509
Telephone (775) 321-1333
Facsimile (775) 321-1314
*Email: hestes@esteslawpc.com*

Counsel for Chapter 7 Trustee

*ELECTRONICALLY FILED*
*October 13, 2023*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re: | Case No. 22-50366-hlb<br>Chapter 7 |
| SCOTT A. CORRIDAN, | **Adv. No. 23-05013-hbl** |
| Debtor.<br>_____/ | **AMENDED COMPLAINT:** |
| EDWARD M. BURR, in his capacity as Chapter 7 Trustee for the bankruptcy estate of SCOTT CORRIDAN, | **1. TO DETERMINE THE VALIDITY OF LIENS** |
| Plaintiff, | **2. TRUSTEE'S PRIORITY AND AVOIDANCE OF UNPERFECTED AND INVALID LIENS [11 U.S.C. 544]** |
| vs. | **3. DECLARATORY RELIEF** |
| STEVEN BALDWIN; TERRE BALDWIN; BIG WATER INVESTMENTS, LLC, a Nevada limited liability company; ROCK & ROSE, INC.; WOODBURN & WEDGE; and KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY, | **4. OBJECTION TO CLAIMS**<br><br>**5. PREFERENCE [11 U.S.C. 547]**<br><br>**6. RECOVERY OF PROPERTY TRANSFERRED** |
| Defendants.<br>_____/ | |

1  EDWARD M. BURR, the Plaintiff herein and the duly appointed Chapter 7
2  Trustee (the "Chapter 7 Trustee" or "Plaintiff") for the bankruptcy estate of Scott A.
3  Corridan, hereby alleges as follows:

### Nature of the Action

4
5  1. This is an action to object to the proofs of claim filed by the respective
6  Defendants, to determine the validity of their asserted liens, for declaratory relief that
7  their liens are invalid, and thus that Defendants are not secured creditors in the underlying
8  bankruptcy case. The Trustee seeks an order that he takes priority over, and may avoid,
9  the unperfected liens of Defendants pursuant to 11 U.S.C. §544(a). The Trustee also
10 understands that Defendant Horowitz has received an avoidable preference on account of
11 Horowitz having recorded a judgement within the 90 days prior to the Petition Date,
12 which the Trustee seeks to recover for the benefit of the Bankruptcy Case estate.

### Jurisdiction and Venue

13
14 2. Debtor Scott A. Corridan (hereinafter "Debtor") filed his voluntary petition
15 under Chapter 11 of the United States Bankruptcy Code (the "Code") on July 12, 2022
16 [BK DE 1]¹ (the "Petition Date").
17 3. On June 16, 2023, the Order Granting Motion to Convert Case to Chapter 7
18 [BK DE 160] was entered converting the Chapter 11 case to a case under Chapter 7 of the
19 Bankruptcy Code.
20 4. On June 20, 2023, the United States Trustee appointed Edward M. Burr as
21 interim Chapter 7 Trustee in the above-entitled case. *See* Appointment of Edward M.
22 Burr as Trustee and Designation of Bond [BK DE 166].
23 5. This Court has jurisdiction over the parties and the claims set forth in this
24 matter pursuant to 28 U.S.C. §§ 151, 157 and 1334.
25 ///
26
27 ¹ References to "BK DE" herein refer to docket entries in the bankruptcy case of *In
28 re Scott Corridan*, Bankr. Case No. 22-50366-hlb pending in the United States Bankruptcy
   Court, District of Nevada.

6. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. This adversary proceeding arises in the bankruptcy case of *In re Scott Corridan*, Bankr. Case No. 22-50366-hlb pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Case").

8. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (K) and (O).

9. Pursuant to Local Bankruptcy Rule 7008, Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

**Parties**

10. The Plaintiff is the Chapter 7 Trustee, who brings this adversary proceeding on behalf of the above-referenced bankruptcy estate.

11. Upon information and belief, Defendant, Steven Baldwin is a resident of the State of Nevada.

12. Upon information and belief, Defendant, Terre Baldwin is a resident of the State of Nevada.

13. Defendant, BIG WATER INVESTMENTS, LLC, is a Nevada limited liability company.

14. Upon information and belief, ROCK & ROSE, INC., is a California corporation registered with the Nevada Secretary of State as a foreign corporation.

15. Defendant, WOODBURN & WEDGE, Chartered, is a Nevada professional corporation.

16. Upon information and belief, Defendant, KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY, is a resident of the State of California.

///
///
///

## Background

### BALDWIN

17. On September 19, 2022, Defendants Steven Baldwin and Terre Baldwin filed Proof of Claim No. 10 in the Bankruptcy Case alleging that they had a secured claim on account of a "filed judgement lien against debtor's real estate" in the amount of $76,138.66.

18. On October 18, 2022, Defendants Steven Baldwin and Terre Baldwin filed an amended Proof of Claim No. 10 in the Bankruptcy Case alleging that they had a secured claim on account of a "filed judgement lien against debtor's real estate" in the amount of $103,355.66.

19. On August 9, 2023, Defendants Steven Baldwin and Terre Baldwin filed a Proof of Claim No. 29 in the Bankruptcy Case alleging that they had a secured claim on account of a "filed judgement lien against debtor's real estate" in the amount of $103,355.66.

### BIG WATER INVESTMENTS, LLC

20. On August 23, 2023, Defendant, Big Water Investments, LLC, filed Proof of Claim No. 32 in the Bankruptcy Case alleging that the basis of its claim was "12/5/19 Judgment for Attorney's Fees & Costs Per NRS 108.2275" and that the basis for the perfection of their security interest was "recorded [judgement] lien". Big Water Investments, LLC's proof of claim alleged that it had a secured claim in the amount of $20,908.02 against the Bankruptcy Case Estate.

### ROCK & ROSE, INC.

21. On September 20, 2022, Defendant, Rock & Rose, Inc., filed Proof of Claim No. 15 in the Bankruptcy Case alleging that it had a secured claim on account of a "Recorded Order Granting Default Judgement" in the amount of $58,678.54.

### WOODBURN & WEDGE, CHARTERED

22. On September 20, 2022, Woodburn and Wedge filed Proof of Claim No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $72,038.86

1  on account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien".

2      23.    On August 22, 2023, Woodburn and Wedge filed Amended Proof of Claim

3  No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of

4  $40,212.35 on account of a "Judgement for Attorney fees" and a "Recorded Judgement

5  Lien".

**KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY**

    24.    On August 23, 2023, Kevin Horowitz, sole proprietor of St. Helena Construction Company filed Proof Of Claim 31 in the Bankruptcy Case alleging that he had a secured claim in the amount of $40,212.35 on account of a foreign judgement recorded with the Washoe County Recorder on June 29, 2022.

    25.    All Defendants allege a security interest in the Bankruptcy Case estate's real property located at 223 Pelton Lane, Incline Village, Nevada 89451 (the "Property") and/or the proceeds from the sale of the Property.

    26.    On September 12, 2023, the Bankruptcy Court entered its Order Granting Amended Motion to Sell Property Free and Clear of Liens, Claims and Interests [223 Pelton Lane, Incline Village, Nevada] and Pay Real Estate Commission [BK DE 264] (the "Sale Order").

    27.    In the Sale Order, the Court approved the sale of the Property, and Ordered that to the extent any Defendant is found to have a valid lien after adjudication on the merits, Defendants' respective lien, if any, shall attach to the proceeds from the sale of the Property.

**FIRST CLAIM FOR RELIEF**

**[Determination of the Validity of Liens - NRS §17.150]**

**AGAINST ALL DEFENDANTS**

    28.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as if fully set forth herein.

    29.    Nevada Revised Statute §17.150 - Docketing of judgments of state and federal courts; recording of transcripts, abstracts and copies of judgments; liens on real

property; duration of liens; affidavit required of judgment creditor who records judgment or decree- provides in pertinent part as follows:

....

2. A transcript of the original docket or an abstract or copy of any judgment or decree of a district court of the State of Nevada or the District Court or other court of the United States in and for the District of Nevada, the enforcement of which has not been stayed on appeal, certified by the clerk of the court where the judgment or decree was rendered, may be recorded in the office of the county recorder in any county, and when so recorded it becomes a lien upon all the real property of the judgment debtor not exempt from execution in that county, owned by the judgment debtor at the time, or which the judgment debtor may afterward acquire, until the lien expires. The lien continues for 6 years after the date the judgment or decree was docketed, and is continued each time the judgment or decree is renewed...

...

4. In addition to recording the information described in subsection 2, a judgment creditor who records a judgment or decree for the purpose of creating a lien upon the real property of the judgment debtor pursuant to subsection 2 shall record at that time an affidavit of judgment stating:

(a) The name and address of the judgment debtor;

(b) If the judgment debtor is a natural person:

(1) The last four digits of the judgment debtor's driver's license number or identification card number and the state of issuance; or

(2) The last four digits of the judgment debtor's social security number;

(c) If the lien is against real property which the judgment debtor owns at the time the affidavit of judgment is recorded, the assessor's parcel number and the address of the real property and a statement that the judgment creditor has confirmed that the judgment debtor is the legal owner of that real property; and

(d) If a manufactured home or mobile home is included within the lien, the location and serial number of the manufactured home or mobile home and a statement that the judgment creditor has confirmed that the judgment debtor is the legal owner of the manufactured home or mobile home.

All information included in an affidavit of judgment recorded pursuant to this subsection must be based on the personal knowledge of the affiant, and not upon information and belief.

30. Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE each obtained a judgement in their respective favor and against the Debtor prior to the Petition Date.

1  31.  Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE recorded a transcript of the original docket or an abstract or copy of a judgment or decree of a district court of the State of Nevada or the District Court or other court of the United States in and for the District of Nevada, the enforcement of which has not been stayed on appeal, certified by the clerk of the court where the judgment or decree was rendered, may be recorded in the office of the county recorder in any county consistent with NRS 17.150(2).

32.  Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE each failed to file the required affidavit with the required information along with respective recorded judgements as required by NRS 17.150(4).

33.  As a result of Defendants' failure to contemporaneously file the affidavit of judgement with the requisite information pursuant to NRS 17.150(4) Defendants do not have valid and enforceable judgement liens against the Property, any proceeds from the sale of the Property, or the Bankruptcy Case estate.

## SECOND CLAIM FOR RELIEF

**[Trustee as Lien Creditor 11 U.S.C. §544(a)]**

**AGAINST ALL DEFENDANTS**

34.  Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.  Section 544(a) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether

1  or not such a creditor exists;

2  (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

36. Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE each failed to file the required affidavit with the required information along with respective recorded judgements as required by NRS 17.150(4).

37. On account of Defendants actions and inactions, all Defendants had unperfected or invalid liens against the Property, any proceeds from the sale of the Property, or the Bankruptcy Case estate as of the Petition Date.

38. The Trustee takes priority over, and may avoid, the unperfected or invalid liens of Defendants pursuant to 11 U.S.C. §544(a).

**THIRD CLAIM FOR RELIEF**

**[Declaratory Relief]**

**AGAINST ALL DEFENDANTS**

39. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. Plaintiff requests a declaration from the Court that Defendants do not hold secured claims against the Property, proceeds from the sale of the Property, or the Bankruptcy Case estate.

41. Plaintiff has been forced to obtain the services of an attorney to prosecute this action, and is therefore entitled to recover his reasonable attorneys' fees and costs of suit.

# FOURTH CLAIM FOR RELIEF

## [Objection to Claims/Disallowance of Claims 11 U.S.C. 502(d)]

## AGAINST ALL DEFENDANTS

42. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. Defendants filed the aforementioned proofs of claims [Nos. 10, 29, 32, 15, 13, and 31] alleging that each of them were secured by a lien on the Property.

44. As set forth in more detail above, Plaintiff objects to each of the filed proofs of claim to the extent that each filed proof of claim asserts a security interest in the Property, or proceeds from the sale of the Property, and against the Bankruptcy Case estate.

45. Defendants have failed to properly follow the requisite statutory procedure to have a valid and enforceable lien.

46. Defendants respective proofs of claims should be disallowed as secured claims against proceeds from the sale of the Property and the Bankruptcy Case estate.

47. Plaintiff further objects to the duplicate proofs of claim filed by Steve Baldwin and Terre Baldwin to the extent they seek a distribution on account of both Proof of Claim No. 10 and Proof of Claim No. 29.

48. The unperfected liens of Defendants pursuant to 11 U.S.C. §544(a), are avoidable by the Trustee pursuant to 11 U.S.C. §544, and recoverable pursuant to 11 U.S.C. §550.

49. Pursuant to 11 U.S.C. §502(d) any and all claims of Defendants against the Bankruptcy Case estate must be disallowed until such time as the Trustee recovers the property that was transferred, or the value of such property pursuant to 11 U.S.C. §550.

///
///
///
///

# FIFTH CLAIM FOR RELIEF

### [Preference 11 U.S.C. §547]

### AGAINST KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY

50. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 49, inclusive, as if fully set forth herein.

51. Section 547 provides in relevant part that the trustee may avoid:

(b)... any transfer of an interest of the debtor in property—

   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

   (3) made while the debtor was insolvent;

   (4) made—

       (A) on or within 90 days before the date of the filing of the petition; or

       (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

   (5) that enables such creditor to receive more than such creditor would receive if—

       (A) the case were a case under chapter 7 of this title;

       (B) the transfer had not been made; and

       (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

52. As setforth above, KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY ("Horowitz") filed proof of claim No. 31 asserting a secured claim in the amount of $387,813.49 (the "Horowitz Claim").

53. Defendant's Horowitz Claim is based upon a default judgement obtained by Horowitz against Scott A. Corridan, entered on September 28, 2021, by the Superior Court of California, County of Napa, in Case No. 21CV001031 (the "Horowitz Judgement").

54. The St. Helena Construction Judgement was filed as a foreign judgement under NRS 17.350 in the Second Judicial District Court, Washoe County on June 8, 2022, Case No. CV-22-00906 (the "Domesticated Horowitz Judgement").

55. The Domesticated Horowitz Judgement was recorded with the Washoe County Recorder's Office on June 29, 2022.

56. The Debtor's Petition Date was July 12, 2022.

57. By recording the Domesticated Horowitz Judgement within 90 days of the Petition Date, Defendant Horowitz received the benefit of a security interest in the Debtor's Property on account of an antecedent debt (the 2021 Horowitz Judgement) owed by the Debtor before such transfer was made, and while the Debtor was insolvent, and that transfer would enable Defendant Horowitz to receive more than it would have received if the case were a case under Chapter 7, transfer had not been made, and Horowitz received payment of such debt to the extent provided by the provision of chapter 7.

58. In the Chapter 7 proceeding, if Defendant Horowitz had not obtained the security interest in the Debtor's property within the preference period, he would receive a lesser distribution, if any, on account of his general unsecured claim.

59. After payment of higher priority creditors' claims and administrative expenses in the chapter 7 Bankruptcy Case, general unsecured creditors will not be paid in full, and, if they receive any distribution at all, they will have to share pro-rata amongst the general unsecured creditor class.

60. The debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

## SIXTH CLAIM FOR RELIEF

### [Recover of Property Transferred 11 U.S.C. §550]

### AGAINST ALL DEFENDANTS

61. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 60, inclusive, as if fully set forth herein.

62.     Section 550 provides in relevant part that,

> (a)Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> (1)the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2)any immediate or mediate transferee of such initial transferee.
> (b)The trustee may not recover under section [1] (a)(2) of this section from—
>
> (1)a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
>
> (2)any immediate or mediate good faith transferee of such transferee.
>
> (c)If a transfer made between 90 days and one year before the filing of the petition—
>
> (1)is avoided under section 547(b) of this title; and
>
> (2)was made for the benefit of a creditor that at the time of such transfer was an insider;
>
> the trustee may not recover under subsection (a) from a transferee that is not an insider.

63.     The Trustee may recover the property transferred to Defendants or the value of such property.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1.     That the Court determine that Defendants' respective liens against the Property, any proceeds from the sale of the Property or the Bankruptcy Case estate are invalid and unenforceable.

2.     That the Trustee as a hypothetical lien creditor may avoid Defendants' respective liens against the Property, the proceeds from the sale of the Property and the Bankruptcy Case estate.

3.     That the Court declare that Defendants do not hold secured claims agains the Property, the proceeds from the sale of the Property or the Bankruptcy Case estate.

4.     That Defendants' respective filed proofs of claim be disallowed as secured

1 claims.

2     5.    That this Court enter an order providing that the liens are not valid or
3 enforceable against the Property, any proceeds from the sale of the Property or the
4 Bankruptcy Case estate.

5     6.    That the Court find the judgement lien recorded by Defendant Horowitz
6 within 90 days prior to the Petition Date is an avoidable preference pursuant to 11 U.S.C.
7 §547, and Order that the lien be avoided as an avoidable preference.

8     7.    That the Court Order that the Trustee may recover the property, or value of
9 the property, that has been avoided.

10     8.    Reasonable attorneys' fees and costs of suit.

11     9.    For such other and further relief as the Court deems just and fair.

12     **DATED** this 13th day of October, 2023.

13                                                            ESTES LAW, P.C.

14                                 By:    */s/ Holly E. Estes*
15                                      HOLLY E. ESTES, ESQ.
                                     Attorney for the Trustee

## **CERTIFICATE OF SERVICE**

I, Holly E. Estes, Esq., hereby certify that on the 13th day of October, 2023, the foregoing document was served on all parties consenting to electronic service in this case via the Court's CM/ECF system of the Bankruptcy Court.

/s/ Holly E. Estes

_____

HOLLY E. ESTES

**ESTES LAW, P.C.**
**605 Forest Street**
**Reno, Nevada  89509**
**(775) 321-1333**

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\Amd Complaint 10133.wpd

14