HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Estes Law, P.C.
605 Forest Street
Reno, Nevada 89509
Telephone (775) 321-1333
Facsimile (775) 321-1314
*Email: hestes@esteslawpc.com*
Counsel for Chapter 7 Trustee

*ELECTRONICALLY FILED*
*January 15, 2024*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
—ooOoo—

| | |
|---|---|
| In Re: | Case No. 22-50366-hlb |
| | Chapter 7 |
| SCOTT A. CORRIDAN, | |
| Debtor. | **Adv. No. 23-05013-hlb** |
| _____/ | |
| EDWARD M. BURR, in his capacity as Chapter 7 Trustee for the bankruptcy estate of SCOTT CORRIDAN, | **DECLARATION OF HOLLY E. ESTES, ESQ, IN SUPPORT OF TRUSTEE'S MOTION FOR JUDGEMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT AGAINST ALL DEFENDANTS ON CLAIMS 1-4 AND 6, AND REQUEST FOR COURT TO DIRECT ENTRY OF FINAL JUDGEMENT** |
| Plaintiff, | |
| vs. | |
| STEVEN BALDWIN; TERRE BALDWIN; BIG WATER INVESTMENTS, LLC, a Nevada limited liability company; ROCK & ROSE, INC.; WOODBURN & WEDGE; and KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY, | |
| | Hearing Date: TBD |
| Defendants. | |
| _____/ | |

I, Holly E. Estes, Esq., declare and say under penalty of perjury as follows:

1.    I am over 18 years of age. If called as a witness, I could and would be competent to testify to the facts stated herein, as I have personal knowledge of the following facts.

2.    I am acting counsel for Plaintiff, Chapter 7 Trustee, Edward M. Burr (the "Trustee"), in the above captioned case.

///

3.      I have conducted a records search with the Washoe County Recorder and was able to find the documents recorded by Defendants: STEVEN BALDWIN; TERRE BALDWIN; BIG WATER INVESTMENTS, LLC; ROCK & ROSE, INC.; WOODBURN & WEDGE; and KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY against Scott A. Corridan, Scott Alan Corridan, or Scott Corridan dba Scott Corridan Design.  Attached hereto are true and correct copies of each defendant's recorded documents found after my search.  **Exhibit "A"** STEVEN BALDWIN and TERRE BALDWIN; **Exhibit "B"** BIG WATER INVESTMENTS, LLC; **Exhibit "C"** ROCK & ROSE, INC.; **Exhibit "D"** WOODBURN & WEDGE; and **Exhibit "E"** KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY.

4.      I did not find any affidavit recorded in Washoe County by BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY or WOODBURN & WEDGE against Scott A. Corridan, Scott Alan Corridan, or Scott Corridan dba Scott Corridan Design.

5.      Attached here to as **Exhibit "F"** is a copy of the only affidavit recorded in Washoe County by Defendants, STEVEN BALDWIN and TERRE BALDWIN.  The affidavit was recorded pursuant to NRS 17.360 (affidavit in support of foreign judgement) against Scott Corridan Design and Scott Corridan, an individual.  **Exhibit "F"**.  The attached affidavit does not include the information required by NRS 17.150(4)(a)-(d). *See* **Exhibit "F"**.

DATED this 15th day of January, 2024.

ESTES LAW, P.C.

By:_____ */s/ Holly E. Estes*_____

HOLLY E. ESTES, ESQ.

Attorney for the Chapter 7 Trustee

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Holly E. Estes, Esq., hereby certify that on the 12th day of January, 2024, the foregoing document was served on all parties consenting to electronic service in this case via the Court's CM/ECF system of the Bankruptcy Court.

/s/ Holly E. Estes

_____

HOLLY E. ESTES

# Exhibit "A"

# Exhibit "A"

**Washoe APN#** _____ 130-163-23 _____

**Recording Requested by:**

Name: Incline Law Group, LLP

Address: 264 Village Blvd., Suite 104

City/State/Zip: Incline Village, NV 89451

**When Recorded Mail to:**

Name: Incline Law Group, LLP

Address: 264 Village Blvd., Suite 104

City/State/Zip: Incline Village, NV 89451

DOC #4936398

08/01/2019 04:49:18 PM
Electronic Recording Requested By
INCLINE LAW GROUP LLP
Washoe County Recorder
Kalie M. Work
Fee: $41.00  RPTT: $0
Page 1 of 8

( for Recorder's use only )

FOREIGN JUDGMENT [NRS 17.350]

_____

**( Title of Document )**

**Please complete Affirmation Statement below:**

[X] I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

[ ] I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law: _____

(State specific law)

Attorney for Judgment Creditor

**Signature**

Jeremy L. Krenek, Esq.

**Title**

_____

**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.                (Additional recording fee applies)

F I L E D
Electronically
CV19-01502
2019-07-31 10:13:25 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7403627 : csulezic

Code: $1760
ANDREW N. WOLF (#4424)
JEREMY L. KRENEK (#13361)
Incline Law Group, LLP
264 Village Blvd., Suite 104
Incline Village, Nevada 89451
(775) 831-3666
Attorney for Petitioners, STEVEN BALDWIN and TERRE BALDWIN

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

STEVEN BALDWIN and TERRE
BALDWIN,

        Petitioners,

    vs.

SCOTT CORRIDAN DESIGN, an unknown
business entity; SCOTT CORRIDAN, an
individual; and DOES 1-20, inclusive,

        Respondents.

Case No.:

Department:

**FOREIGN JUDGMENT [NRS 17.350]**

COMES NOW, STEVEN BALDWIN and TERRE BALDWIN, Petitioners, by and

through their undersigned counsel, and herewith submits the attached foreign judgment for filing

pursuant to NRS 17.350, which is described as follows:

JUDGMENT ON ORDER GRANTING PETITIONERS' MOTION TO ENFORCE
SETTLEMENT AND FOR ENTRY OF JUDGMENT PURSUANT TO CODE OF CIVIL
PROCEDURE SECTION 664.6

(the "Judgment") in favor of STEVEN BALDWIN and TERRE BALDWIN, Petitioners, and

against SCOTT CORRIDAN DESIGN and SCOTT CORRIDAN, Respondents, filed July 3,

2019, in the Superior Court of the State of California in and for the County of Placer, in Case No.

SCV0042299, entitled *STEVEN BALDWIN and TERRE BALDWIN vs. SCOTT CORRIDAN*

1  DESIGN, an unknown business entity; SCOTT CORRIDAN, an individual; and DOES 1-20,

2  inclusive.

3        Said Judgment as entered is in the sum of $74,978.66 plus attorney's fees in the

4  amount of $1,160.00 for a total sum of **$76,138.66.**

5        An exemplified copy of the Judgment with a certificate of exemplification dated July

6  10, 2019, by a judge and clerk of said court is attached collectively as **Exhibit "1"** hereto.

7                              **AFFIRMATION**

8        The undersigned hereby affirms that the foregoing document does not contain the

9  social security number of any person.

10     Dated: July 31, 2019.

11     Incline Law Group, LLP

12

13     By:

14        JEREMY L. KRENEK (#13361)
          Attorneys for Petitioners, STEVEN BALDWIN and TERRE BALDWIN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INDEX OF EXHIBITS

1

2  Exhibit "1":  JUDGMENT ON ORDER GRANTING PETITIONERS' MOTION TO ENFORCE SETTLEMENT AND FOR ENTRY OF JUDGMENT PURSUANT

3  TO CODE OF CIVIL PROCEDURE SECTION 664.6

4  filed July 3, 2019, in the Superior Court of the State of California in and for the County of Placer,

5  in Case No. SCV0042299
   and certificate of exemplification thereof dated July 12, 2019.        2 Pages

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



FOREIGN JUDGMENT [NRS 17.350]
- 3 -

F I L E D
Electronically
CV19-01502
2019-07-31 10:13:25 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7403627 : csulezic

# EXHIBIT 1



# EXHIBIT 1

## SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF PLACER

| Superior Court of California, County of Placer | |
|---|---|
| ☑ 10820 Justice Center Drive  ☐ 2501 N. Lake Blvd.<br>P. O. Box 619072                    P.O. Box 5669<br>Roseville, CA  95661-9072      Tahoe City, CA 96145 | **FILED**<br>Superior Court of California<br>County of Placer<br><br>JUL 12 2019<br><br>*Jake Chatters*<br>Executive Officer & Clerk<br>By: O. Lucatuorto, Deputy |
| NAME OF DOCUMENT: Judgment | |
| NUMBER OF PAGES (INCLUDING EXEMPLAR): 2 | |
| **EXEMPLIFICATION OF COURT RECORD** | CASE NUMBER: S-CV-0042299 |

I, Jake Chatters, Executive Officer and Clerk of the Superior Court of the State of California, in and for the County of Placer, a court of record having a seal, do hereby certify that the annexed and foregoing to be a true, full and correct copy of the original and I have compared the same with the original.

Witness my hand and the seal of this Superior Court, this 10th day of July, 2019.
Year

CLERK OF THE SUPERIOR COURT

I, Alan V. Pineschi, Presiding Judge of the Superior Court of the State of California, in and for the County of Placer, the same being a court of law and record, do certify that Jake Chatters, whose genuine signature is attached to the above certificate, is and was at the time of signing of the same, Clerk of the Superior Court. As such, full faith and credit are to be due to his acts. The above certificate and attestation are in due form of law and made by proper officers.

In witness whereof, I have hereunto set my hand and affix the seal of this Superior Court on the $12$ day
of July, 2019.
Year

PRESIDING JUDGE OF THE SUPERIOR COURT
Alan Pineschi

1  DENNIS L. FAORO (SBN 129053)
   JENNY LI (SBN 216900)
2  LAST & FAORO
   177 Bovet Road, Suite 550
3  San Mateo, California 94402
   (650) 696-8350
4  (650) 696-8365 facsimile

**FILED**
Superior Court of California
County of Placer

**JUL 03 2019**

Jake Chatters
Executive Officer & Clerk
By: O. Lucatuorto, Deputy

5  Attorneys for Plaintiffs Steven Baldwin and Terre Baldwin

6

7              SUPERIOR COURT OF CALIFORNIA

8          COUNTY OF PLACER – UNLIMITED JURISDICTION

9

10  STEVEN BALDWIN and TERRE BALDWIN    )    Case No. SCV0042299
                                         )
11            Plaintiffs,                )    [PROPOSED] JUDGMENT
                                         )
12       vs.                             )
                                         )
13  SCOTT CORRIDAN DESIGN, an unknown    )
    business entity; SCOTT CORRIDAN, an  )
14  individual; and DOES 1-20, inclusive.)
                                         )
15            Defendants,                )
    _____)
16

17       On June 3, 2019, this Court entered its order granting plaintiffs' motion to enforce settlement

18  and for entry of judgment pursuant to Code of Civil Procedure section 664.6.

19       Accordingly, the Court hereby enters judgment in favor of plaintiffs Steven Baldwin and

20  Terre Baldwin ("plaintiffs") and against defendants Scott Corridan Design and Scott Corridan

21  ("defendants) in the amount of **$74,978.66.** Per the above-referenced order, plaintiffs are also

22  awarded reasonable attorneys' fees and costs in the amount of **$1,160.00.** Plaintiffs are further

23  awarded prejudgment interest in the amount of $_____, calculated at the rate of ten percent

24  (10%) per annum (equal to $20.86 per day), commencing from June 3, 2019, the day this Court

25  granted plaintiff's motion to enforce settlement through the date this judgment is entered.

26  SO ORDERED.

27

28  DATED:  7-3-19          By: _____
                                 JUDGE OF THE SUPERIOR COURT
                                 Commissioner
    _____                Glenn M Holley
    [PROPOSED] JUDGMENT                  1



THE FOREGOING INSTRUMENT
IS A CORRECT COPY OF THE
ORIGINAL ON FILE IN THIS
OFFICE.
ATTEST: JUL 0 9 2019
JAKE CHATTERS
Superior Court Clerk,
County of Placer, State of
California
By

# Exhibit "B"

# Exhibit "B"

**APNS: 130-163-23**

**RECORDING REQUESTED BY AND
AFTER RECORDING RETURN TO:**

Incline Law Group, LLP
264 Village Blvd., Suite 104
Incline Village, NV 89451

DOC #4982828

12/16/2019 12:20:22 PM
Electronic Recording Requested By
INCLINE LAW GROUP LLP
Washoe County Recorder
Kalie M. Work
Fee: $41.00  RPTT: $0
Page 1 of 8

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO NRS 108.2275

### Please complete Affirmation Statement below:

☑ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

### -OR-

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law: _____

(State specific law)

_____                    Attorney for Big Water Investments, LLC
Signature                                            **Title**
    Jeremy L. Krenek
Printed Name

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

Order Granting Motion for Attorney's Fees Under NRS 108.2275 - Page 1 of 8


INCLINE LAW GROUP.

FILED
Electronically
CV19-01689
2019-12-05 02:51:54 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 7622547

1  **CODE: 3370**
   ANDREW N. WOLF (#4424)
2  JEREMY L. KRENEK (#13361)
   Incline Law Group, LLP
3  264 Village Blvd., Suite 104
   Incline Village, Nevada 89451
4  (775) 831-3666
   Attorneys for Petitioner, Big Water Investments, LLC
5

6

7

8              IN THE SECOND JUDICIAL DISTRICT COURT OF

9         THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE

10 BIG WATER INVESTMENTS, LLC, a
   Nevada limited liability company
11                                          CASE NO.  CV19-01689
            Petitioner,
12                                          DEPT NO.  8
            v.
13
   SCOTT CORRIDAN, individually and dba
14 SCOTT CORRIDAN DESIGN

15         Respondent.

16

17    **ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER NRS 108.2275**

18       Before the Court is the Motion for Attorney's Fees Under NRS 108.2275, including

19 Declaration of Jeremy L. Krenek, Declaration of Cassell von Baeyer, Declaration of Kara

20 Johnson, and the Memorandum of Costs filed on behalf of Petitioner on October 17, 2019

21 (hereinafter collectively "Motion for Attorney's Fees").  Based on the Certificate of Service filed

22 herein, the Court finds that the Motion for Attorney's Fees was served on Respondent in the

23 manner prescribed by law on October 17, 2019.  Respondent did not file an opposition or a

24 response to Petitioner's Motion for Attorney's Fees.  The Court has considered Petitioner's

25 Motion for Attorney's Fees and good cause appearing, finds as follows:

26       1.      On or about August 14, 2019, Respondent allegedly sent Petitioner a Notice of

27 Right to Lien with respect to certain limited interior decorating services provided to Petitioner on

28

                              ORDER RE: ATTORNEY'S FEES - 1

1    one model condominium unit in Petitioner's 18-unit condominium project known as Granite

2    Place at Boulder Bay in Crystal Bay, Nevada.

3        2.    On August 20, 2019, Respondent then recorded a Notice of Lien in the Washoe

4    County Recorder's Office, as Document Number 4942471, with respect to the services and

5    property described in his Notice of Right to Lien. The Notice of Lien (hereinafter "Lien") was

6    recorded against the following Assessor's Parcel Numbers: 123-293-03; 123-293-02; 123-293-01;

7    123-295-06; 123-295-05; 123-295-04; 123-295-03; 123-295-02; 123-295-01; 123-294-06; 123-

8    294-05; 123-294-04; 123-294-03; 123-294-02; 123-294-01; 123-293-06; 123-293-05; and 123-

9    293-04 in relation to the development.

10       3.    On August 28, 2019, Petitioner filed an Application Under NRS 108.2275 For an

     Order to Show Cause Why Respondent's Mechanics' Lien Should Not Be Released.

11       4.    On August 30, 2019, the Court filed an Order to Show Cause Why Respondents

12   Mechanics' Lien Should Not Be Released ("hereinafter "Order to Show Cause").

13       5.    On September 18, 2019, at 2:00 p.m., the parties appeared at the hearing on the

14   Order to Show Cause (hereinafter "Hearing").

15       6.    At the Hearing, the Court found that the Order to Show Cause filed August 20,

16   2019, together with the Applicant's Application and supporting papers filed August 28, 2019,

17   were personally served on the Respondent within the time and in the manner prescribed by law.

18       7.    The Court considered the Application and supporting papers and heard testimony

19   presented at the Hearing.

20       8.    The Court then found as follows:

21           a.    That the Respondent did not have mechanics' lien rights because he is not a

22               "Lien Claimant" as defined in NRS 108.2214, because he did not provide work,

23               materials or equipment with a value of $500 or more to be used in or for

24               construction, alteration or repair of any improvement, property, or work of

25               improvement.

26           b.    That Respondent's delivery of furnishings does not fall under the definition of

27               "work, materials, or improvement" as defined in Chapter 108 of the Nevada

                 Revised Statutes. Therefore, the lien was subject to expungement.

28

ORDER RE: ATTORNEY'S FEES - 2

9.      Based on the forgoing findings, the Court ordered that all of the parcels subject to the mechanics' lien filed by Respondent were expunged of and from that certain mechanics' lien in the sum of $59,778.52, recorded on August 20, 2019, as Document Number 4942471 in the official records of the Washoe County Recorder's office, and from any further lien claim by said Respondent. The court made this ruling from the bench at the Hearing, and subsequently entered its Order Expunging Mechanics' Lien, filed September 24, 2019, to the same effect.

10.     The statutory framework requires that the Court make one of three findings at the hearing of the Order to Show Cause. "After a hearing, the district court shall make one of three determinations: (1) that the notice of lien is frivolous and made without reasonable cause, (2) that the lien amount is excessive, or (3) that the notice of lien is not frivolous or excessive and made with reasonable cause." *J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 372, 240 P.3d 1033, 1038 (2010) (citing NRS 108.2275(6)(a)-(c)). "If the court determines that the lien is frivolous, it ***must make an order*** releasing the lien and **awarding reasonable attorney fees and costs incurred** by the movant in bringing the motion (emphasis added)." NRS 108.2275(6)(a). *Tiburon Constr. of Nev. v. Abrams* (Nev. App., 2018).

11.     Even though "frivolous" is not defined in Chapter 108 of the Nevada Revised Statutes, both the dictionary definition and the definition of "frivolous" contained in other Chapters of the Nevada Revised Statutes support a finding by this Court that Respondent's lien was in fact frivolous (See NRS 18.010(2)(b) and NRCP 11(b)(2)), made without reasonable cause, and made without any credible evidence to support the mechanics' lien.

12.     Additionally, NRS 18.010(2)(b) states in part that, "…It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claim and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public." Under NRS 18.010(2)(b), a claim is frivolous or groundless if there is no reasonable evidence to support it. *See, Rodriguez v. Primadonna Co.*, 125 Nev. 578, 588, 216 P.3d 793, 800 (2009).

13. NRS 108.2275 and NRS 18.010 both support a finding that Respondent's mechanics lien was frivolous.

14. Under both NRS 108.2275 and NRS 18.010, an award of attorney's fees is mandatory and not discretionary so long as the appropriate factors are met.

15. Pursuant to the Declaration of Jeremy L. Krenek and the Declaration of Cassell von Baeyer attached to the Motion for Attorney's Fees, Respondent was given numerous opportunities to release his invalid mechanics' lien but refused to do so without any legal justification.

16. The Court finds that the Motion for Attorney's fees was filed within the time required under NRCP 54(d)(2)(B). Additionally, the Motion for Attorney's Fees specified the grounds entitling the movant to the award, the amount sought, and was supported by counsel's affidavit swearing that the fees were actually and necessarily incurred and were reasonable, included documentation concerning the amount of fees claimed, and included points and authorities addressing the appropriate factors to be considered by the court in deciding the motion.

17. Respondent did not file a response to Petitioner's Motion for Attorney's fees. Pursuant to the Rules of the District Courts of the State of Nevada, Rule 13(3), the failure of the opposing party to serve and file his written opposition may be construed as an admission that the motion is meritorious and a consent to granting the same.

18. The Court finds that an award of attorney's fees is proper in this case and next must determine the reasonableness of Petitioner's attorney's fees request.

19. In determining the reasonableness of the attorney's fees the court looks at the following factors: "(1) the qualities of the advocate: his ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; and (4) the result: whether the attorney was successful and what benefits were derived." *Brunzell v. Golden Gate National Bankm,* (1969) 455 P.2d 31, 33.

20.     The attorneys that worked on this matter on behalf of Petitioner have experience ranging from 5-32 years practicing law in Nevada. All of the attorneys working on this matter graduated from accredited law schools, are well-respected in the local legal community, and have experience in handling real estate issues, including but not limited to, issues relating to mechanics' liens. The character of the work completed included researching the appropriate procedure for expunging a mechanics' lien, reviewing documentation and factual information relating to the parties' agreement for staging and interior design services, attempting to negotiate a resolution with Mr. Corridan, and appearing at the hearing to successfully argue that the mechanics' lien should be expunged. The time and skill required was increased due to Mr. Corridan's actions and unwillingness to sign the lien release. Due to the amount of money at stake (the condos are for sale for approximately $2,000,000 plus per condo) and the fact that one of the condos was in escrow but could not be sold without clear title, the attorneys collaborated to ensure that the proper procedure was being followed and that all valid arguments were made to ensure the best chance of success in having the lien expunged. At the hearing, the Court agreed that Mr. Corridan was not a "Lien Claimant" and thereafter entered and order to expunge the lien.

21.     The work performed by Petitioner's attorneys was extremely important to Petitioner. Petitioner owns a multi-million-dollar complex that, at the time the lien was recorded, had seventeen (17) units for sale. Mr. Corridan recorded a lien against all eighteen (18) units, including one unit which was not owned by Petitioner. Mr. Corridan was repeatedly informed that he did not have lien rights as an interior designer and stager but refused to acknowledge his lack of lien rights which clouded the title to the units associated with Petitioner's development.

22.     This matter was made more challenging due to Respondent agreeing to sign a lien release and then later rescinding his agreement on multiple occasions as described in Petitioner's Motion for Attorney's Fees. These actions drove up the costs of responding to Respondent's frivolous lien.

23.     This Court finds that Petitioner's counsel addressed each and every one of the *Brunzell* factors adequately in the Motion for Attorney's Fees, including but not limited to, the attached Declarations of counsel and Exhibit 3 containing all of the billing entries relating to this matter, to justify a finding that the attorney's fees charged in this case are reasonable.

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Respondent did not

2   have lien rights, and accordingly, the mechanics' lien filed by Respondent was frivolous and

3   made without reasonable cause and therefore the Court Ordered that the mechanics' lien filed by

4   Respondent be expunged and released. Petitioner's Motion for Attorney's fees addressed all of

5   the relevant *Brunzell* factors to the court's satisfaction. Based on the foregoing, the Court must

6   order Respondent to pay Petitioner's costs and reasonable attorney's fees. The Court finds that

7   the attorney's fees attached to the Motion for Attorney's Fees filed in this matter on October 17,

8   2019, are reasonable and hereby Orders Respondent, Scott Corridan, dba Scott Corridan Designs

9   to pay Petitioner, Big Water Investments, LLC, reasonable attorney's fees and costs in the amount

10  of Sixteen Thousand Eight Hundred Fifty-Eight Dollars and Twenty-Three Cents ($16,858.23).

    Such amount shall accrue interest at the legal rate until paid in full.

11  **IT IS SO ORDERED.**

12

13  Dated: December 5, 2019.

                                    DISTRICT JUDGE

14

15  Submitted By:
    Andrew N. Wolf, Esq (SBN: 4424)
16  Jeremy L. Krenek (SBN: 13361)
    Incline Law Group, LLP
17  264 Village Blvd., Suite 104
    Incline Village, NV 89451
18  (775) 831-3666

19

20

21

22

23

24

25

26

27

28

                    ORDER RE: ATTORNEY'S FEES - 6



CERTIFIED COPY

The document to which this certificate is
attached is a full, true and correct copy of
the original on file and of record in my office.

DATE: _____ **DEC 1 2 2019**

JACQUELINE BRYANT, Clerk of the Second Judicial
District Court, in and for the County of
Washoe, State of Nevada

By _____ Deputy

Exhibit "C"

Exhibit "C"

APN# 130-163-23

**Recording Requested by:**

Name: MOBO LAW, LLP

Address: 527 S. Arlington Ave.

City/State/Zip: Reno, NV 89509

**When Recorded Mail to:**

Name: MOBO LAW, LLP

Address: 527 S. Arlington Ave.

City/State/Zip: Reno, NV 89509

**Mail Tax Statement to:**

Name: N/A

Address: N/A

City/State/Zip: N/A

DOC #4999922
02/11/2020 02:13:48 PM
Electronic Recording Requested By
MOBO LAW
Washoe County Recorder
Kalie M. Work
Fee: $43.00  RPTT: $0
Page 1 of 5

( for Recorder's use only )

**Order Granting Default Judgment**

**( Title of Document )**

**Please complete Affirmation Statement below:**

◉ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

◯ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:

_____ (State specific law)

_____
**Signature**

ATTORNEY FOR JUDGMENT CREDITOR

**Title**

DAMON L. BOOTH, ESQ.
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.

FILED
Electronically
CV19-01920
2019-12-19 12:36:33 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 7647547

**SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WASHOE**

| | |
|---|---|
| ROCK & ROSE, INC., | ) Case No.: CV19-01920 |
| Plaintiff, | ) Dept. No.: 7 |
| v. | ) **ORDER GRANTING DEFAULT JUDGMENT** |
| SCOTT CORRIDAN *dba* SCOTT CORRIDAN DESIGN; DOES 1 through 5; and ROE CORPORATIONS 1 through 5, inclusive, | ) |
| Defendants. | ) |

Pursuant to NRCP 55(b) and Local Rule 26, PLAINTIFF ROCK & ROSE, INC. ("R&R"), submitted an Application for Default Judgment ("Application") in its favor and against DEFENDANT SCOTT CORRIDAN *dba* SCOTT CORRIDAN DESIGN ("CORRIDAN"), DOES 1 through 5 and ROE CORPORATIONS 1 through 5 (collectively, "DEFENDANTS") for their failure to answer or otherwise defend as to R&R's Complaint, and it appearing that upon information and belief that CORRIDAN is not in the United States military service nor is an infant or incompetent individual, and good cause appearing therefore, JUDGMENT IS HEREBY ENTERED in favor of R&R and against CORRIDAN, as well as DOES AND ROE CORPORATION DEFENDANTS.

IT IS FURTHER ORDERED that JUDGMENT IS HEREBY ENTERED in favor of R&R, and against DEFENDANTS, as follows:

a) DEFENDANTS shall pay the $38,338.47 for the outstanding balance and penalty interest as of December 1, 2019, plus penalty interest on the amount due until paid in full;

b) DEFENDANTS shall also pay the 1,158.95 in costs associated with the above-entitled

MOBO LAW, LLP
527 S. Arlington Ave.
Reno, NV 89509

1



action; and

c)  This Court retains jurisdiction over any matter pertaining to this judgment.

**IT IS SO ORDERED.**

DATED this 19 day of December , 2019.

_____

DISTRICT COURT JUDGE

MOBO LAW, LLP
527 S. Arlington Ave.
Reno, NV 89509

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

2



**CERTIFIED COPY**
The document to which this certificate is
attached is a full, true and correct copy of
the original on file and of record in my office.
DATE: JAN 2 8 2020
JACQUELINE BRYANT, Clerk of the Second Judicial
District Court, in and for the County of
Washoe, State of Nevada,
By _____ Deputy

# WASHOE COUNTY RECORDER

**OFFICE OF THE RECORDER**
**KALIE M. WORK, RECORDER**

**1001 E. NINTH STREET**
**RENO, NV 89512**
PHONE (775) 328-3661
FAX (775) 325-8010

## LEGIBILITY NOTICE

The Washoe County Recorder's Office has determined that the attached document may not be suitable for recording by the method used by the Recorder to preserve the Recorder's records. The customer was advised that copies reproduced from the recorded document would not be legible. However, the customer demanded that the document be recorded without delay as the parties rights may be adversely affected because of a delay in recording. Therefore, pursuant to NRS 247.120 (3), the County Recorder accepted the document conditionally, based on the undersigned's representation (1) that a suitable copy will be submitted at a later date (2) it is impossible or impracticable to submit a more suitable copy.

By my signing below, I acknowledge that I have been advised that once the document has been microfilmed it may not reproduce a legible copy.

_____
Signature

February 11, 2020
Date

_____
Printed Name

Exhibit "D"

Exhibit "D"

APN#_____

**Recording Requested by:**

Name: Shawn B Meador, Esq.

Address: 6100 Neil Road, Ste. 500

City/State/Zip: Reno, NV 89511

**When Recorded Mail to:**

Name: Shawn B Meador, Esq.

Address: 6100 Neil Road, Ste. 500

City/State/Zip: Reno, NV 89511

**Mail Tax Statement to:**

Name: _____

Address: _____

City/State/Zip: _____

**DOC # 5015679**
03/31/2020 12:43:34 PM
Requested By
WOODBURN & WEDGE
Washoe County Recorder
Kalie M. Work - Recorder
Fee: $43.00 RPTT: $0.00
Page 1 of 7

( for Recorder's use only )

Order Establishing  Attorney's Lien; Judgment

_____

**( Title of Document )**

**Please complete Affirmation Statement below:**

⊙ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

**-OR-**

◯ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law: _____
(State specific law)

_____                              Paralegal
Signature                                          **Title**

Kelly Albright
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.

F I L E D
Electronically
DV18-01651
2020-03-23 08:56:18 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7803570

CODE: 3370

IN THE FAMILY DIVISION

OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

RUSSELL CLIFFORD CORRIDAN,

          Plaintiff,

vs.

SCOTT ALAN CORRIDAN,

          Defendant.

_____/

Case No.    DV18-01651

Dept. No.    2

## ORDER ESTABLISHING ATTORNEY'S LIEN; JUDGMENT

On January 30, 2020, Shawn B. Meador of Woodburn and Wedge ("Counsel"), counsel for Defendant, Scott Alan Corridan ("Defendant"), filed a *Notice of Lien for Attorney's Fees Pursuant to NRS 18.015* in the amount of $63,497.11, plus interest from January 30, 2020. On February 11, 2020, Counsel filed his *Motion to Adjudicate Statutory Attorneys' Lien Pursuant to NRS 18.015* ("Motion"). The *Findings of Fact, Conclusions of Law and Decree of Divorce* ("Decree of Divorce") rendering judgment on the division off assets and liabilities was entered on February 14, 2020. Counsel submitted this matter to the Court for decision on February 27, 2020.

On March 9, 2020, the Court entered an *Order Regarding Motion for Attorney's Lien,* directing Counsel to file and submit an Affidavit, along with documentation in support of the claimed outstanding attorney's fees and costs. On March 9, 2020, Counsel filed the *Affidavit of Shawn B. Meador, Esq. in Support of Motion to Adjudicate*

*Attorney's Lien,* attaching documentation in support of the outstanding fees and costs for Counsel's services. Counsel resubmitted the matter to the Court for decision on March 17, 2020. The Court now finds and orders as follows:

In his January 30, 2020 Motion, Counsel requests an order establishing, adjudicating, and enforcing an attorney's lien against Defendant. Counsel claims that Plaintiff retained his services and entered into an agreement for payment for Counsel's services in this case. Counsel asserts that he timely perfected his lien by filing his *Notice of Lien for Attorney's Fees Pursuant to NRS 18.015* prior to the entry of the Decree of Divorce; therefore Counsel is entitled to a charging lien that may be reduced to judgement and against the assets set over to Defendant in the Decree of Divorce.

To date, Defendant has not responded to Counsel's motion.

## Discussion

Pursuant to DCR 13(3),

> [W]ithin 10 days after the service of the motion, the opposing party shall serve and file his written opposition thereto, together with a memorandum of points and authorities and supporting affidavits, if any, stating facts showing why the motion should be denied. Failure of the opposing party to serve and file his written opposition may be construed as an admission that the motion is meritorious and a consent to granting the same.

NRS 18.015(1)(a) states:

> An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted.

Additionally, pursuant to NRS 18.015(2):

> The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.

///

///

2

Under the language of NRS 18.015(4), charging liens attach to "any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section." This statutory provision was construed in *Schlang v. Key Airlines, Inc.*, 158 F.R.D. 666 (D. Nev. 1994). In that case, an attorney gave notice of an attorney's lien under NRS 18.015 after the underlying litigation was resolved. The *Schlang* court held "Because Kennedy failed to properly perfect his lien prior to settlement, there no longer existed any proceeds to which the lien could attach. Thus the lien is unenforceable." (*See Rivero v. Rivero*, 125 Nev. 410, 444, 216 P.3d 213, 236 (2009), *citing Neal v. United States*, 516 U.S. 284, 294-95, 116 S.Ct. 763, 113 L.Ed.2d 709 (1996), courts "give great weight to *stare decisis* in the area of statutory construction").

However, an attorney's charging lien may not attach to assets exempt from execution under NRS 21.090. *Bero-Wachs v. The Law Office of Logar & Pulver*, 123 Nev. 71, 77, 157 P.3d 704, 708 (2007).

Furthermore, "In Nevada, there are two types of liens an attorney may hold to ensure that clients pay their attorney's fees: (1) a special or charging lien on the judgment or settlement the attorney has obtained for the client, NRS 18.015 (1); *Morse v. Eighth Judicial District Court*, 65 Nev. 275, 218, 195 P.2d 199, 202 (1975); and (2) a general or retaining lien that entitles an attorney, if discharged by the client, to retain the client's papers, property or money until a court, at the request of the client, requires the attorney to deliver the retained items upon the client's furnishing of payment or security for the attorney's fees. *Morse*, 65 Nev. 275, 281, 286, 195 P.2d 1999, 202, 204; *see also In re Grand Jury Proceedings*, 727 F.2d 941 (10th Cir.), *cert. denied, Vargas v. United States*, 469 U.S. 819, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984)." *Figliuzzi v. Eighth Judicial Dist. Court*, 11 Nev. 338, 342, 890 P.2d 798, 801 (1995).

In *Gordon v Steward*, 74 Nev. 115, 118, 324 P.2d 234 (1958), the Supreme Court of Nevada found that "[j]urisdiction to establish an attorney's lien includes jurisdiction to make an authoritative award which is res judicata upon the question of the extent of the

attorney's right and his former client's obligation. Jurisdiction to bind the litigant to such an award should in all reason include the jurisdiction to bind him by judgment." *Gordon v Steward*, 74 Nev. 115, 118, 324 P.2d 234 (1958), rejected on other grounds in *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 216 P.3d 779 (2009).

In this case, Counsel timely perfected a lien in the amount of $63,497.11, plus interest from January 30, 2020. Defendant's failure to file and serve and opposition to Counsel's Motion is construed as an admission that Counsel's Motion is meritorious and consent to granting the same. DCR 13.

Subject to the limitations set forth above, Counsel is hereby granted an attorney's charging lien and judgment against Defendant, Scott Alan Corridan, in the amount of $63,497.11, plus interest at the legal rate from January 30, 2020.

IT IS SO ORDERED.

Dated: March 22, 2020

DIXIE GROSSMAN
DISTRICT JUDGE

4

1

CERTIFICATE OF MAILING

2          Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Second

3   Judicial District Court of the State of Nevada, County of Washoe; that on this ___23___ day

4   of March, 2020, I electronically filed the following with the Clerk of the Court by using the

5   ECF system which will send a notice of electronic filing to the following:

6          **SCOTT CORRIDAN**

7          **SHAWN MEADOR, ESQ.**

8          **JONATHAN KING, ESQ.**

9          I deposited in the Washoe County mailing system for postage and mailing with the

10  United States Postal Service in Reno, Nevada, a true copy of the attached document

11  addressed to:

12

13

14

15

16

17                                          Judicial Assistant

18

19

20

21

22

23

24

25

26

27

28

5



CERTIFIED COPY
The document to which this certificate is
attached is a full, true and correct copy of
the original on file and of record in my office.
DATE: 3|23|20
JACQUELINE BRYANT, Clerk of the Second Judicial
District Court, in and for the County of
Washoe, State of Nevada.
By _____ Deputy
_____ Pages

# Exhibit "E"

# Exhibit "E"

**APNS: 130-163-23**

**RECORDING REQUESTED BY AND
AFTER RECORDING RETURN TO:**

Incline Law Group, LLP
264 Village Blvd., Suite 104
Incline Village, NV 89451

**DOC #5314943**

06/29/2022 08:01:27 AM
Electronic Recording Requested By
INCLINE LAW GROUP LLP
Washoe County Recorder
Kalie M. Work
Fee: $43.00  RPTT: $0
Page 1 of 10

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE

## FOREIGN JUDGMENT [NRS 17.350]

### Please complete Affirmation Statement below:

☒ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:_____
         (State specific law)

_____          Attorney for Judgment Creditor, Kevin
                                                                   Horowitz
**Signature**                                                      **Title**
   Andrew N. Wolf
Printed Name

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

Page 1 of 10


INCLINE LAW GROUP...

F I L E D
Electronically
CV22-00906
2022-06-08 09:32:41 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9088749 : csulezic

Code: $1760
ANDREW N. WOLF (#4424)
Incline Law Group, LLP
264 Village Blvd., Suite 104
Incline Village, Nevada 89451
(775) 831-3666
Attorney for Plaintiff, KEVIN HOROWITZ

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

KEVIN HOROWITZ, SOLE PROPRIETOR
OF ST. HELENA CONSTRUCTION
COMPANY,

        Plaintiff,

vs.

SCOTT A. CORRIDAN, an individual; and
DOES 1-100, inclusive,

        Defendant.

Case No.:

Department:

## FOREIGN JUDGMENT [NRS 17.350]

COMES NOW, KEVIN HOROWITZ, SOLE PROPRIETOR OF ST. HELENA

CONSTRUCTION COMPANY, hereinafter "Plaintiff," by and through his undersigned counsel,

and pursuant to NRS 17.350 herewith submits the attached foreign judgment for filing, described

as follows:

DEFAULT JUDGMENT AGAINST DEFENDANT SCOTT A. CORRIDAN

(the "Judgment"), filed September 28, 2021, in the Superior Court of California, County of Napa

("California Court"), in Case No. 21CV001031, entitled KEVIN HOROWITZ, SOLE

PROPRIETOR OF ST. HELENA CONSTRUCTION COMPANY, Plaintiff, vs. SCOTT A.

CORRIDAN, an individual; and DOES 1-100, inclusive, Defendants.

1        Said Judgment as entered by the California court orders the Defendant, SCOTT A.

2    CORRIDAN, to pay plaintiff the total sum of **$321,107.00**, comprised of $292,111 principal,

3    $14,605 attorney fees, and $741 costs, plus prejudgment interest accrued at the rate of $195/day

4    from July 19, 2021, to the date of the Judgment.

5        An exemplified copy of the Judgment with the California court's certificate of

6    exemplification dated on or about May 5, 2022, by a judge and clerk of said court is attached

7    collectively as **Exhibit "1"** hereto and hereby incorporated by reference.

8                            **AFFIRMATION**

9        **Affirmation Pursuant to NRS 239B.030 and 603A.040:** The undersigned does hereby

10   affirm that the preceding document does not contain the personal information of any person.

11

12   Dated: June 7 , 2022.

13   Incline Law Group, LLP

14

15   By: _____

16        ANDREW N. WOLF (#4424)
          Attorneys for Plaintiff, KEVIN HOROWITZ,

17       SOLE PROPRIETOR OF ST. HELENA
          CONSTRUCTION COMPANY

18

19

20

21

22

23

24

25

26

27

28

**INDEX OF EXHIBITS**



Exhibit "1":   DEFAULT JUDGMENT AGAINST DEFENDANT       4 Pages
SCOTT A. CORRIDAN
filed September 28, 2021, in the Superior Court of
the State of California in and for the County of Napa,
in Case No. 21CV001031
and certificate of exemplification thereof dated May 5, 2022.

F I L E D
Electronically
CV22-00906
2022-06-08 09:32:41 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9088749 : csulezic

# EXHIBIT 1



# EXHIBIT 1

**State of California** ]
County of Napa ]

I, **ROBERT E. FLESHMAN**
Court Executive Officer, in and for said County, in the State aforesaid, do hereby certify the foregoing to be a true, perfect and complete
copy of **Default Judgment Against Defendant Scott A. Corridan-Filed 9/28/2021**

**In Testimony Whereof,** I have hereunto set my hand and affixed the seal of said
Court, at my Office in Napa, this
day of _____ A.D. 20 22

Court Executive Officer

**State of California** ]
County of Napa ]

I, **CYNTHIA SMITH**
Judge of the Superior Court, in and for said County and State do hereby certify that
**ROBERT E. FLESHMAN** whose name is subscribed to the foregoing Certificate of Attestation, now is, and
was at the time of signing and sealing the same, Court Executive Officer of the Superior Court of Napa County aforesaid, and keeper of
the Records and Seal thereof, duly appointed and qualified to office: that full faith and credit are, and of right ought to be given to all his
official acts as such in all Court of Record and elsewhere; and that his said attestation is in due form of law, and by the proper officer.
Given under my hand and seal, this 3rd day of _____ A. D. 20 22

Judge of the Superior Court

**State of California** ]
County of Napa ]

I, **ROBERT E. FLESHMAN**

Court Executive Officer in and for said County, in the State aforesaid, do hereby certify that

**CYNTHIA SMITH** whose genuine signature appears to the foregoing certificate, was at the time of
signing the same, Judge of the Superior Court in and for said county and State, duly commissioned and qualified; that full faith and credit
are and of right ought to be given to all his official acts as such, in all Courts of Record and elsewhere.
**In Testimony Whereof,** I have hereunto set my hand and affixed the seal of said
Court, at my office in Napa, this
day of _____ A. D. 20

Court Executive Officer

Public folders/civil/instructions 1-22-03

21CV001031
Napa - Civil

EFILE 9/13/2021

1  MONTGOMERY G. FRANKEL
   Attorney at Law
2  State Bar No. 156971
   1304 Oak Avenue
3  St. Helena, CA 94574
   Telephone (707) 963-8150
4  Email: mgf.law@gmail.com

FILED

SEP 28 2021

Clerk of the Napa Superior Court
By _____
            Deputy

5  Attorney for Plaintiff, KEVIN HOROWITZ

6

7

8                SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF NAPA

10                (UNLIMITED JURISDICTION)

11

12  KEVIN HOROWITZ, SOLE PROPRIETOR ) Case No.: 21CV001031
    OF ST. HELENA CONSTRUCTION      )
13  COMPANY,                        ) DEFAULT JUDGMENT AGAINST
                                     ) DEFENDANT SCOTT A. CORRIDAN
14            Plaintiff,            )
                                     ) [CCP §585]
15       vs.                        )
                                     )
16  SCOTT A. CORRIDAN, an individual; and )
    Does 1-100,                     )
17                                  )
             Defendants            )
18                                  )
                                     )
19

20

21      This matter came on regularly for default judgment hearing, after entry of default of

    defendant SCOTT A. CORRIDAN, in Department _____ of this court, on September _____ N/A
22
    2021, Hon. M. Langhorne presiding. Plaintiff/moving party KEVIN HOROWITZ, SOLE
23
    PROPRIETOR OF ST. HELENA CONSTRUCTION COMPANY ("plaintiff"), was represented
24
    by Montgomery G. Frankel, Attorney at Law. Defendant SCOTT A. CORRIDAN ("defendant"),
25
    having failed to timely respond to the complaint and having therefore defaulted on his duty to

CORRIDAN DEFAULT JUDGMENT-1-

1  timely respond to the complaint filed herein, did not appear. After full consideration of plaintiff's
2  request for default judgment, supporting pleadings, and supporting documents,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

4   1.   Plaintiff HOROWITZ's request for default judgment is granted, adopted, and
5        incorporated by reference herein.

6   2.   Plaintiff HOROWITZ is the prevailing party herein, and as such, is entitled to
7        his reasonably incurred attorney's fees and costs according to the underlying
8        contract between plaintiff and defendant.

9   3.   Defendant CORRIDAN is ordered to pay plaintiff HOROWITZ the principal
10       amount of $292,111; plus attorney's fees of $14,605; plus costs in the amount
11       of $741; plus pre-judgment interest in the amount of $195/day since July 19,
12       2021. The final judgment amount as of this date is therefore $ 321, 107

13  4.   Defendant CORRIDAN is ordered to pay plaintiff HOROWITZ post-judgment
14       interest on the final judgment amount at the legal rate of ten per cent (10%) per
15       annum, calculated from the date of this judgment.

16  5.   The full final judgment amount is therefore $ 321,107 as of
17       September 27, 2021, plus post-judgment interest accruing at a rate of
18       10% per year, equaling $ 87.97 per day, from the date of 9/28 forward.

19  6.   This being a contractual attorney fee case, and plaintiff HOROWITZ being
20       entitled to his past, present, and future attorney fees and costs under the
21       contract, the court shall retain jurisdiction over those aspects of this matter
22       requiring court approval, including the anticipated award against defendant of
23       all future costs, filing fees, recording costs, and attorney's fees incurred by
24       plaintiff HOROWITZ recording, confirming, amending, renewing, enforcing,

25

CORRIDAN DEFAULT JUDGMENT-2-

pursuing defendant to comply with, and collecting upon this judgment, as the court deems necessary to further justice.

Dated: September ⊃7̲ , 2021

HON. M. LANGHORNE

CORRIDAN DEFAULT JUDGMENT-3-



**CERTIFIED COPY**
The document to which this certificate is
attached is a full, true and correct copy of
the original on file and of record in my office.
DATE: 6 22 2022
ALICIA L. LERUD, Clerk of the Second Judicial
District Court, in and for the County of
Washoe, State of Nevada.
By _____ Deputy
_____ Page

# Exhibit "F"

Exhibit "F"

**Washoe APN#** ___ 130-163-23 ___

**Recording Requested by:**

Name: Incline Law Group, LLP

Address: 264 Village Blvd., Suite 104

City/State/Zip: Incline Village, NV  89451

**When Recorded Mail to:**

Name: Incline Law Group, LLP

Address: 264 Village Blvd., Suite 104

City/State/Zip: Incline Village, NV  89451

**DOC #4936399**
08/01/2019 04:49:18 PM
Electronic Recording Requested By
INCLINE LAW GROUP LLP
Washoe County Recorder
Kalie M. Work
Fee: $41.00  RPTT: $0
Page 1 of 3

( for Recorder's use only )

AFFIDAVIT OF JUDGMENT CREDITOR
[NRS 17.150]

_____

### ( Title of Document )

**Please complete Affirmation Statement below:**

☒ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:_____

(State specific law)

Signature _____    Attorney for Judgment Creditor

                                                                        Title

Jeremy L. Krenek, Esq.

**Printed Name**

_____

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.          (Additional recording fee applies)

Washoe County APN: 130-163-23

**Recording Requested by, and**
**When Recorded Mail to:**

**Incline Law Group, LLP**
**264 Village Blvd., Suite 104**
**Incline Village, NV 89451**

---

### AFFIDAVIT IN SUPPORT OF FILING OF FOREIGN JUDGMENT
#### [NRS 17.360]

State of Nevada )
) ss.
County of Washoe )

       I, JEREMY L. KRENEK, being first duly sworn, deposes and says:

       1.     I am an attorney licensed to practice law in the State of Nevada and I am the attorney of record for the judgment creditors, STEVEN and TERRE BALDWIN, in proceedings in the Second Judicial District Court, Washoe County, State of Nevada, Case No. CV19-01502, regarding enforcement of a judgment entered in said Court and recorded concurrently herewith.

       2.  The name and last known post office address of the judgment debtor is:

           SCOTT CORRIDAN DESIGN
           120 Country Club Drive, Unit 7
           Incline Village, NV 89451

           SCOTT CORRIDAN
           PO Box 2381
           Kings Beach, CA 96143

           SCOTT CORRIDAN
           PO Box 6365
           Incline Village, NV 89450

(Residence Address: 223 Pelton Lane, Incline Village, NV 89451)

3. The name and address of the attorney for Judgment Debtor is:

> ALAN WECHSLER, ESQ.
> Mountainside Law
> 940 Southwood Blvd., Suite 102
> Incline Village NV 89451

4. The name and address of the Judgment Creditors are:

> STEVEN and TERRE BALDWIN
> 774 Mays Blvd., Suite 10-642
> Incline Village, NV 89451

5. The name and address of the attorneys for the Judgment Creditors are:

> ANDREW N. WOLF, ESQ.
> JEREMY L. KRENEK, ESQ.
> Incline Law Group, LLP
> 264 Village Blvd., Suite 104
> Incline Village, NV 89451

DATED: August 1, 2019

JEREMY L. KRENEK

State of Nevada )
) ss.
County of Washoe )

Subscribed and sworn to before me this 1st day of August, 2019, by JEREMY L. KRENEK.

Notary Public in and for said County and State

CRYSTAL SHANNON LYLE
Notary Public-State of Nevada
APPT. NO. 15-1463-2
My Appt. Expires 04-07-2023