# EXHIBIT 4

# EXHIBIT 4

 Cited

As of: September 8, 2023 9:06 PM Z

## Secured Holdings, Inc. v. Eighth Judicial Dist. Court of Nev.

Court of Appeals of Nevada

July 11, 2017, Filed

No. 73158

**Reporter**
2017 Nev. App. Unpub. LEXIS 468 *; 133 Nev. 1072; 2017 WL 3013065

SECURED HOLDINGS, INC., Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELISSA F. CADISH, DISTRICT JUDGE, Respondents, and FIRST AMERICAN TITLE INSURANCE COMPANY, A NEBRASKA CORPORATION, Real Party in Interest.

**Notice:** PUBLISHED IN TABLE FORMAT IN THE PACIFIC REPORTER.

NOT DESIGNATED FOR PUBLICATION. PLEASE CONSULT THE NEVADA RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

## Core Terms

district court, recording, statute of limitations, clear authority, real property, writ relief, documents, burden of demonstrating, real party in interest, failure to comply, writ of mandamus, judgment debtor, deny a motion, demonstrating, challenging, proceedings, invalid

**Judges: [*1]** Silver, C.J., Tao, J., Gibbons, J.

## Opinion

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or, alternatively, prohibition challenging a district court order denying a motion to dismiss.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; *Int'l Game Tech., Inca v. Second Judicial Dist. Court, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)*. This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. See NRS 34.320; *Smith v. Eighth Judicial Dist. Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991)*. Whether to entertain a writ petition is within this court's discretion, and we generally will not consider writ petitions challenging district court orders denying motions to dismiss, unless no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear authority or an important issue of law needs clarification. See *Int'l Game Tech., 124 Nev. at 197-98, 179 P.3d at 558-59*. And petitioner bears the burden of demonstrating that extraordinary relief is warranted. See *Pan v. Eighth Judicial Dist. Court, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004)*.

Having considered the petition and supporting documents, we conclude that petitioner has **[*2]** not met its burden of demonstrating that writ relief is warranted based on its assertion that the statute of limitations on the claims had run or based on its argument that the failure to comply with NRS 17.150(4) barred the claims. As to the statute of limitations, petitioner has not presented this court with any clear authority demonstrating that the district court erred by concluding that the statute of limitations did not begin to run until real party in interest had obtained its prior judgment, and thus, that the claims in the complaint in this case were timely. Accordingly, we decline to grant writ relief on this basis. See *Int'l Game Tech., 124 Nev. at 197-98, 179 P.3d at 558-59*.

Turning to petitioner's NRS 17.150(4) argument, that statutory subsection requires a judgment creditor to file an affidavit at the same time that it records a judgment for the purpose of creating a lien upon the real property of the judgment debtor. And petitioner asserts that because real party in interest failed to file the required affidavit, its lien is invalid and its lien-related claims must

be dismissed. In this regard, the district court concluded that, while the statute requires an affidavit to be filed, the affidavit is not a condition precedent to the creation of a valid [*3] lien and the statute does not provide that the lien is invalid if the affidavit is not filed. See NRS 17.150(2) (providing that, upon the recording of certain documents not including subsection 4's affidavit, the recording "becomes a lien upon all real property of the judgment debtor"); NRS 17.150(4) (providing that, in addition to the documents required to be recorded by subsection 2, a party seeking to create a lien on real property "shall record at that time an affidavit of judgment" with certain information, but providing no consequence if such an affidavit is not filed). The district court also correctly recognized that this specific issue had not been addressed by an appellate court. Based on those conclusions, the district court declined to dismiss based on NRS 17.150.

Because the statute does not clearly mandate dismissal based on the failure to comply with NRS 17.150(4), and petitioner has provided no other authority otherwise demonstrating that dismissal was required, we conclude that petitioner has failed to demonstrate that dismissal was required by clear authority, and thus, that writ relief is warranted on this basis.[1] See Int'l Game Tech., 124 Nev. at 197-98, 179 P.3d at 558-59. Accordingly, we deny the petition. See id.; see also NRAP 21(b)(1).

It is so ORDERED.

/s/ Silver, C.J. [*4]

Silver

/s/ Tao, J.

Tao

/s/ Gibbons, J.

Gibbons

---

[1] Petitioner does not assert that writ relief is warranted based on an important issue of law needing clarification and we therefore do not address that issue further. See Int'l Game Tech., 124 Nev. at 197-98, 179 P.3d at 558-59; cf. Powell v. Liberty Mutual Fire Ins. Co., 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived."). Further, we note that nothing in this order precludes petitioner from raising these arguments in any appeal from an adverse final judgment.

End of Document

Edward Humphrey