L. Edward Humphrey, Esq., NSB 9066
Patrick O'Rourke, Esq., NSB 13557
**HUMPHREY O'ROURKE PLLC**
201 W. Liberty Street, Suite 350
Reno, Nevada 89501
Tel:	(775) 420-3500
Fax:	(775) 683-9917
ed@hlawnv.com
patrick@hlawnv.com
*Attorneys for Steven and Terre Baldwin, Big Water Investments, LLC, and Kevin Horowitz, sole proprietor of St. Helena Construction Company*

Louis M. Bubala III, Esq. NSB 8974
**KAEMPFER CROWELL**
50 W. Liberty St., Ste. 1100
Reno, Nevada 89501
Tel:	(775) 852-3900
Fax:	(775) 327-2011
lbubala@kcnvlaw.com
*Attorneys for Rock & Rose, Inc.*

Seth J. Adams, Esq., NSB 11034
**WOODBURN AND WEDGE**
6100 Neil Rd., Ste. 500
Reno, Nevada 89511
Tel:	(775) 688-3300
Fax:	(775) 688-3088
sadams@woodburnandwedge.com
*Attorneys for Woodburn and Wedge*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SCOTT A. CORRIDAN,<br><br>               Debtor.<br>_____<br><br>EDWARD M. BURR, in his capacity as Chapter 7 Trustee for the bankruptcy estate of SCOTT CORRIDAN,<br>               Plaintiff,<br>     vs.<br><br>STEVEN BALDWIN; TERRE BALDWIN; BIG WATER INVESTMENTS, LLC, a Nevada limited liability company; ROCK & ROSE, INC.; WOODBURN & WEDGE; WYMAN DEVELOPMENT COMPANY, INC., a Nevada corporation, and KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY,<br><br>               Defendants. | Case No.:  22-50366-hlb<br>Chapter 7<br><br>**Adv. No. 23-05013-hlb**<br><br>**STATEMENT OF DISPUTED FACTS IN SUPPORT OF DISPUTED LIEN CLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS ON CLAIMS 1-4 AND 6, AND REQUEST FOR COURT TO DIRECT ENTRY OF FINAL JUDGMENT**<br><br>Hearing Date:  March 29, 2024<br>Hearing Time:  1:30 p.m. |



1

Creditors and Defendants Steven and Terre Baldwin (collectively, "Baldwins"), Big Water Investments, LLC ("Big Water"), Kevin Horowitz, sole proprietor of St. Helena Construction Company ("Horowitz"), Rock & Rose, Inc. ("Rock"), and Woodburn and Wedge ("Woodburn" and together with Baldwin, Big Water, and Rock the "Disputed Lien Claimants"), through their undersigned counsel of record, file this Statement of Disputed Facts in support of their Joint Opposition to *Plaintiff's Motion for Judgement on the Pleadings or, in the Alternative, Motion for Summary Judgement Against all Defendants on Claims 1-4 and 6, and Request for Court to Direct Entry of Final Judgement*, initially filed on January 12, 2024, at Adv. ECF No. 20 ("MSJ") and *Plaintiff's Statement Of Undisputed Facts In Support Of Trustee's Motion for Judgement On The Pleadings or, in The Alternative, Motion for Summary Judgement Against All Defendants on Claims 1-4 And 6, And Request For Court To Direct entry of final Judgement*, initially filed on January 15, 2024 at Adv. ECF No. 21 ("SUDF").[1] The disputed facts below correspond to the facts and supporting evidentiary citations presented in the MSJ.[2] Disputed Lien Claimants' position on each of Plaintiff's claimed facts is followed by additional material facts and supporting evidence showing a genuine issue of material fact in dispute.

1. The Debtor Scott A. Corridan (hereinafter "Debtor") filed his voluntary petition under Chapter 11 of the United States Bankruptcy Code on July 12, 2022 [BK DE 1].

**Disputed Lien Claimants Response:  Undisputed**.

2. On June 16, 2023, the Order Granting Motion to Convert Case to Chapter 7 [BK ECF No. 160] was entered converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

---

[1] All References to "Bankruptcy Case" are to the underlying bankruptcy case of Scott A. Corridan, case no. 22-50366-HLB, all references to "BK ECF No." and/or "BK DE" are to the docket entries in that Bankruptcy Case and all references to "Adv. ECF No." and/or "Adv. DE" are to docket entries in this adversary proceeding.  All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[2] This version of the movants' Joint Statement of Disputed Facts is being refiled to replace Adv. ECF No. 38, per the Notice of Docketing Error entered at Adv. ECF No. 42.



**Disputed Lien Claimants Response:  Undisputed**.

3. On June 20, 2023, the United States Trustee appointed Edward M. Burr as interim Chapter 7 Trustee in the underlying bankruptcy case. See Appointment of Edward M. Burr as Trustee and Designation of Bond [BK ECF No. 166].

**Disputed Lien Claimants Response:  Undisputed**.

4. On October 13, 2023, the Trustee filed his Amended Complaint: (1) to Determine the Validity of Liens; (2) Trustee's Priority and Avoidance of Unperfected and Invalid Liens [11 U.S.C. §544]; (3) Declaratory Relief; (4) Objection to Claims; and (6) Recovery of Property Transferred [11 U.S.C. §550] against all Defendants (the "Amended Complaint") [Adv. ECF No. 6].

**Disputed Lien Claimants Response:  Undisputed**.

5. On November 30, 2023, Defendant Rock & Rose, Inc., filed its Answer to Amended Complaint [Adv. ECF No. 15] ("Rock & Rose's Answer"). In Rock & Rose's Answer to the Amended Complaint it admitted allegations 2-10, 14, 15, 17-26, 29-32, 35, 36, 40, 43, 44, 48, and 62 with regard to itself.

**Disputed Lien Claimants Response:**  Disputed Lien Claimants **do not dispute** that on November 30, 2023, Defendant Rock & Rose, Inc., filed its Answer to Amended Complaint [Adv. ECF No. 15] ("Rock & Rose's Answer"). In Rock & Rose's Answer to the Amended Complaint it admitted allegations 2-10, 14, 15, 17-26, 29-32, 35, 36, 40, 43, 44, 48, and 62,[3] of the Complaint with regard to itself.

6. On November 30, 2023, Defendant Woodburn & Wedge filed its Answer to Amended Adversary Complaint [Adv. ECF No. 17] ("Woodburn's Answer"). In Woodburn's Answer to the Amended Complaint, it admitted allegations 2-10, 15, 17-26, 30, 31, 33, 43, and 52 with regard to itself.

---

[3] In Rock & Rose's Answer to the Amended Complaint it admitted allegations contained in Paragraph 62 only "to the extent that the language of 11 U.S.C. § 550 is properly duplicated and/or quoted therein."



**Disputed Lien Claimants Response:** Disputed Lien Claimants **do not dispute** that on November 30, 2023, Defendant Woodburn & Wedge filed its Answer to Amended Adversary Complaint [Adv. ECF No. 17] ("Woodburn's Answer"). In Woodburn's Answer to the Amended Complaint, it admitted allegations 2-10, 15, 17-26, 43, and 52 of the Complaint with regard to itself.

Disputed Lien Claimants **dispute** that Defendant Woodburn and Wedge admitted allegations 30, 31, and 33 as follows:

As to allegations 30 and 31 of the Complaint, Woodburn admitted these allegations subject to those limitations set forth in Woodburn's Answer [Adv. ECF No. 17].

As to Allegation 33 of the Complaint, Woodburn denied the allegations contained therein.

7. On November 30, 2023, Defendants Steven Baldwin, Terre Baldwin, Big Water Investments, LLC and Kevin Horowitz, sole proprietor of St. Helena Construction Company filed their Answer [Adv. ECF No. 18] ("Baldwins', Big Water's, and Horowtiz's Answer") to the Amended Complaint.

**Disputed Lien Claimants Response:** **Undisputed**.

8. In the Baldwins', Big Water's, and Horowtiz's Answer Defendants admit paragraphs 2-8, 10, 13, 16.

**Disputed Lien Claimants Response:** **Undisputed**.

9. Defendants Steven Baldwin and Terre Baldwin (the "Baldwins") admitted paragraphs 17-19. *Id.*

**Disputed Lien Claimants Response:** The Baldwins **dispute** that they admitted paragraphs 17-19 of the Complaint without limitation.

As to Paragraph 17 of the Complaint, the Baldwins admitted they filed a Proof of Claim ("POC") 10-1 in the Bankruptcy Case on September 19, 2022, asserting a claim of $76,138.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." To the extent the allegations in Paragraph 17 of the Complaint differ from POC 10-1 they were denied.



As to Paragraph 18 of the Complaint, the Baldwins admitted they filed a Proof of Claim POC 10-2 in the Bankruptcy Case on October 18, 2022, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." To the extent the allegations in Paragraph 18 of the Complaint differ from POC 10-2 they were denied.

As to Paragraph 19 of the Complaint, the Baldwins admitted they filed POC 29-1 in the Bankruptcy Case on August 9,2023, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." To the extent the allegations in Paragraph 19 of the Complaint differ from POC 29-1 they were denied.

10.   Defendant Big Water Investments, LLC ("Big Water") admitted paragraph 20. *Id.*

**Disputed Lien Claimants Response:**  Big Water **disputes** that it admitted paragraph 20 of the Complaint without limitation.

Big Water admitted that it filed POC 32 in the Bankruptcy Case on August 23, 2023, asserting a claim of $20,908.02, at 6.75% interest, stating the basis of the claim as "12/5/19 Judgment for Attorney's Fees & Costs Per NRS 108.2275", that the claim was secured by real estate and that the basis for perfection was a "Recorded Lien (Ex '2')." To the extent the allegations in Paragraph 20 of the Complaint differ from POC 32-1 they were denied.

11.   Defendant Kevin Horowitz, sole proprietor of St. Helena Construction Company ("Horowitz") admitted paragraphs 25, 26. *Id.*

**Disputed Lien Claimants Response:  Undisputed**.

12.   In the Baldwins', Big Water's, and Horowtiz's Answer they each admitted paragraph 27, 29, 30, and 31 (each as to themselves). *Id.*

**Disputed Lien Claimants Response:  Disputed**. Disputed Lien Claimants **dispute** that they each admitted paragraphs 27, 29, 30, and 31 of the Complaint, each as to themselves, without limitation.  Disputed Lien Claimants affirmatively allege that they admitted these

5

allegations subject to the limitations set forth in Baldwins', Big Water's, and Horowtiz's Answer [Adv. ECF No. 18].

    13.    On September 19, 2022, Defendants Steven Baldwin and Terre Baldwin filed Proof of Claim No. 10 in the Bankruptcy Case alleging that they had a secured claim on account of a "filed judgement lien against debtor's real estate" in the amount of $76,138.66.

**Disputed Lien Claimants Response:** **Disputed**. The Baldwins **do not dispute** that they filed a Proof of Claim ("POC") 10-1 in the Bankruptcy Case on September 19, 2022, asserting a claim of $76,138.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." To the extent the allegations differ from proof of claim, they were denied.

    14.    On October 18, 2022, Defendants Steven Baldwin and Terre Baldwin filed an amended Proof of Claim No. 10 in the Bankruptcy Case alleging that they had a secured claim on account of a "filed judgement lien against debtor's real estate" in the amount of $103,355.66.

**Disputed Lien Claimants Response:** **Disputed**. The Baldwins **do not dispute** that they filed POC 10-2 in the Bankruptcy Case on October 18, 2022, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." To the extent the allegations differ from proof of claim, they were denied.

    15.    On August 9, 2023, Defendants Steven Baldwin and Terre Baldwin filed a Proof of Claim No. 29 in the Bankruptcy Case alleging that they had a secured claim on account of a "filed judgement lien against debtor's real estate" in the amount of $103,355.66.

**Disputed Lien Claimants Response:** **Disputed**. The Baldwins **do not dispute** that they filed POC 29-1 in the Bankruptcy Case on August 9, 2023, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." To the extent the allegations differ from proof of claim, they were denied.

16. Defendants Steven Baldwin and Terre Baldwin solely seek a single recovery, and recognize that amended Proof of Claim No. 10 and Proof of Claim No. 29 are duplicate of one asserted claim.

**Disputed Lien Claimants Response:  Disputed**.  The Baldwins **do not dispute** that they assert a single claim in the amount of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate."  Proof of Claim 29 was filed to correct deficiencies present in Proof of Claim No. 10 and not to seek a duplicative recovery.  To the extent the allegations differ from proof of claim, they were denied.

17. On August 23, 2023, Defendant, Big Water Investments, LLC, filed Proof of Claim No. 32 in the Bankruptcy Case alleging that the basis of its claim was "12/5/19 Judgment for Attorney's Fees & Costs Per NRS 108.2275" and that the basis for the perfection of their security interest was "recorded [judgement] lien". Big Water Investments, LLC's proof of claim alleged that it had a secured claim in the amount of $20,908.02 against the Bankruptcy Case Estate.

**Disputed Lien Claimants Response:  Disputed**.  Big Water **does not dispute** that it filed POC 32 in the Bankruptcy Case on August 23, 2023, asserting a claim of $20,908.02, at 6.75% interest, stating the basis of the claim as "12/5/19 Judgment for Attorney's Fees & Costs Per NRS 108.2275", that the claim was secured by real estate and that the basis for perfection was a "Recorded Lien (Ex '2')."  To the extent the allegations differ from proof of claim, they were denied.

18. On September 20, 2022, Defendant, Rock & Rose, Inc., filed Proof of Claim No. 15 in the Bankruptcy Case alleging that it had a secured claim on account of a "Recorded Order Granting Default Judgement" in the amount of $58,678.54.

**Disputed Lien Claimants Response:  Disputed**.  Disputed Lien Claimants **do not dispute** that Defendant, Rock & Rose, Inc., filed Proof of Claim No. 15 in the Bankruptcy Case alleging that it had a secured claim on account of a "Recorded Order Granting Default Judgement" in the amount of $58,678.54.  To the extent the allegations differ from proof of claim, they were denied.

19. On September 20, 2022, Woodburn and Wedge filed Proof of Claim No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $72,038.86 on account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien".

**Disputed Lien Claimants Response: Disputed**. Disputed Lien Claimants **do not dispute** that on September 20, 2022, Woodburn and Wedge filed Proof of Claim No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $72,038.86 on account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien". To the extent the allegations differ from proof of claim, they were denied.

20. On August 22, 2023, Woodburn and Wedge filed Amended Proof of Claim No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $40,212.35 on account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien".

**Disputed Lien Claimants Response: Disputed**. Disputed Lien Claimants **do not dispute** that on August 22, 2023, Woodburn and Wedge filed Amended Proof of Claim No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $40,212.35 on account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien". To the extent the allegations differ from proof of claim, they were denied.

21. On August 23, 2023, Kevin Horowitz, sole proprietor of St. Helena Construction Company filed Proof of Claim 31 in the Bankruptcy Case alleging that he had a secured claim in the amount of $387,813.49 on account of a foreign judgement recorded with the Washoe County Recorder on June 29, 2022.

**Disputed Lien Claimants Response: Disputed**. Horowitz affirmatively alleges he filed POC 31 in the Bankruptcy Case on August 23, 2023, asserting a claim of $387,813.49, secured by real estate and that the basis for perfection was a "Recorded Judgment Lien (See attached Exhibit 1)." *See* POC 31. Horowitz further affirmatively alleges that he filed POC 31-2 in the Bankruptcy Case on August 23, 2023, asserting a claim of $387,813.49, secured by real estate and that the basis for perfection was a "Recorded Judgment Lien (See attached Exhibit 1)." *See* POC 31-2. To the extent the allegations differ from proof of claim, they were denied.

22. All Defendants allege a security interest in the Bankruptcy Case estate's real property located at 223 Pelton Lane, Incline Village, Nevada 89451 (the "Property") and/or the proceeds from the sale of the Property.

**Disputed Lien Claimants Response:  Undisputed**.

23. On September 12, 2023, the Bankruptcy Court entered its Order Granting Amended Motion to Sell Property Free and Clear of Liens, Claims and Interests [223 Pelton Lane, Incline Village, Nevada] and Pay Real Estate Commission [BK ECF No. 264] (the "Sale Order").

**Disputed Lien Claimants Response:  Undisputed**.

24. In the Sale Order, the Court approved the sale of the Property, and Ordered that to the extent any Defendant is found to have a valid lien after adjudication on the merits, Defendants' respective lien, if any, shall attach to the proceeds from the sale of the Property. See generally, *Id.*

**Disputed Lien Claimants Response:  Disputed**.  Disputed Lien Claimants **do not dispute** that the Sale Order approved the sale of the Property.  To the extent the allegations in Paragraph 24 of the SUDF differ from the actual language of the Sale Order, they are disputed. *See* Answers filed by Disputed Lien Claimants.

25. Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE each obtained a judgement in their respective favor and against the Debtor prior to the Petition Date. See Defendant's admission to Paragraph 30 of Amended Complaint in their respective Answers. All Defendant's admit this factual allegation as to themselves.

**Disputed Lien Claimants Response:  Undisputed**.

26. Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE recorded a transcript of the original docket or an abstract or copy of a judgment or decree of a district court of the State of



9

Nevada or the District Court or other court of the United States in and for the District of Nevada, the enforcement of which has not been stayed on appeal, certified by the clerk of the court where the judgment or decree was rendered, recorded in office of the county recorder for Washoe County consistent with NRS 17.150(2). *See* Defendant's admission to Paragraph 31 of Amended Complaint in their respective Answers. All Defendant's admit this factual allegation as to themselves. *See also* Exhibit "B".

**Disputed Lien Claimants Response:  <u>Undisputed</u>**.

27.   Defendants, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE each failed to record an affidavit along with their respective recorded judgements with the information required by NRS 17.150(4). See Rock & Rose's Answer, 32; See also, Declaration of Holly E. Estes, Esq., in support of Motion.

**Disputed Lien Claimants Response:  <u>Undisputed</u>**.  Disputed Lien Claimants affirmatively allege that each of their recorded judgments respectively contained the following information in substantial compliance with NRS 17.150(4):

**A.   <u>Baldwin – Judgment Lien and Affidavit Recorded August 1, 2019.</u>**

On July 3, 2019, the Baldwins obtained a $76,138.66 judgment against Scott Corridan and his company Scott Corridan Design in the Placer County, California Superior Court (the "<u>Baldwin California Judgment</u>").  On July 31, 2019, the Baldwins commenced Case No. CV19-01502 in the Second Judicial District Court to domesticate the Baldwin California Judgment in Nevada ("<u>Baldwin Domestication Action</u>").  In compliance with the Uniform Enforcement of Judgments Act (NRS 17.330 to 17.550), the Baldwins filed several documents in the Baldwin Domestication Action, including the following:  (1) a *Foreign Judgment [NRS 17.350]* that attached an exemplified copy of the Baldwin California Judgment—which became a Nevada judgment upon its filing under NRS 17.350 (the "<u>Baldwin Nevada Judgment</u>"); and (2) an *Affidavit in Support of Filing Foreign Judgment [NRS 17.360]* (the "<u>Baldwin Affidavit in of Judgment Creditor</u>").  The next day, August 1, 2019, the Baldwins recorded both of these documents in the Washoe County Recorder's Office, as follows:  (1) an exemplified copy of the



Baldwin Nevada Judgment was recorded as Doc # 4936398; and (2) a copy of the Baldwin Affidavit in Support of Judmgent, retitled on the cover page as an *Affidavit of Judgment Creditor [NRS 17.150]*, was recorded as Doc #4936399 (the "<u>Baldwin Affidavit of Judgment Creditor</u>"), a true and correct copy of which is attached hereto as **Exhibit 1**.

The recorded copy of the Baldwin Nevada Judgment reflects the following information:

- The name of the Judgment Creditors, Steven Baldwin and Terre Baldwin.
- The name of the Judgment Debtor, Scott Corridan.
- The address and phone number of the Judgment Debtor's California and Nevada counsel.
- The APN # 130-163-23 of real property owned by the Judgment Debtor in Washoe County (i.e., and the Property at issue in this litigation).
- The Case Numbers in both relevant courts (Placer County, California and Washoe County, Nevada).

In addition to the above information, the face of the recorded Baldwin Affidavit of Judgment Creditor reflects the following information, made under sworn statement:

- The name and last known addresses of the Judgment Debtor. Included in these addresses is the Pelton Lane Property at issue in this litigation, reflected as follows: **"(Residence Address:  223 Pelton Lane, Incline Village, NV 89451".**
- The APN of the Pelton Lane Property, reflected as follows: **"Washoe APN# 130-163-23"**.
- The name and address of the Judgment Creditors' and Judgment Debtor's attorneys.

Based on the above facts, the Baldwins filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $103,355.66 as of the Petition Date.  *See* POC 10-2 (filed 10/18/2022); and POC 29-1 (filed 8/9/2023).[4]

---

[4] The Proof of Claim Deadline was August 25, 2023, thus both Claims 10-2 and 29-1 were timely.

11



**B. Big Water – Judgment Lien Recorded December 16, 2019.**

The dispute between Big Water and Corridan involves Corridan's August 20, 2019, improper recording of 18 mechanic's liens against a condominium project owned by Big Water (allegedly related to design services provided by Corridan). After Corridan recorded the mechanic's liens, Big Water moved for an Order to Show Cause why they shouldn't be released. The Court held a hearing and ultimately found Corridan did not have mechanic's lien rights under the relevant statute and ordered the liens expunged. The court also found the liens were frivolously filed and ultimately awarded Big Water its attorney's fees and costs under NRS 108.2275 and NRS 18.010(2)(b). The court entered its *Order Granting Motion for Attorney's Fees under NRS 108.2275* on December 12, 2019, awarding Big Water $16,858.23 in attorney's fees and costs, plus post-judgment interest at the legal rate (the "Big Water Judgment"). The Big Water Judgment was recorded in the Washoe County Recorder's Office on December 16, 2019, as Doc # 4982828.

The recorded copy of the Big Water Judgment reflects the following information:
- The name of the Judgment Creditor, Big Water Investments, LLC
- The name of the Judgment Debtor, Scott Corridan, individually and dba Scott Corridan Design.
- The APN of the Pelton Lane Property, reflected as follows: **"APNS: 130-163-23"**.
- The address and phone number of the Judgment Creditor's counsel.

Based on the above facts, Big Water filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $20,908.02 as of the Petition Date. *See* POC 32-1.

**C. Rock & Rose, Inc. – Judgment Lien recorded February 11, 2020.**

On October 3, 2019, 2022, Rock commenced Case No. CV19-01920 in the Second Judicial District Court against Corridan for unpaid landscaping work done on Corridan's house—the very property at dispute in this litigation. On December 19, 2019, the state court entered a default judgment against Corridan. The Rock Judgment recorded in the Washoe County Recorder's Office on February 11, 2020, as Doc # 4999922.



The recorded copy of the Horowitz Nevada Judgment reflects the following:

- The name of the Judgment Creditor, Rock.
- The name and address of the counsel and firm representing Rock.
- The name of the Judgment Debtor, both as Scott Corridan and dba Scott Corridan Design.  Additionally, as Mr. Corridan was not represented by counsel, he serves as his own counsel.
- The APN # 130-163-23 of real property owned by the Judgment Debtor in Washoe County (the Property at issue in this litigation).
- The Case Number for the court in Washoe County, Nevada.

Based on the above facts, Rock filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $56,678.54 as of the Petition Date.  *See* POC 15.

### D. <u>Woodburn and Wedge – Judgment Lien recorded March 31, 2020.</u>

Woodburn is an acknowledged creditor in this bankruptcy case.  Debtor's Sch. D, ECF 27, Section 2.12.  The Debtor incurred pre-petition legal fees to Woodburn unrelated to this bankruptcy case. Due to non-payment, Woodburn obtained an "Order Establishing Attorney's Lien; Judgment" from the Second Judicial District Court. See Exhibit 2 to Woodburn's Amended Proof of Claim, No. 13-2, which was issued by the District Court on March 22, 2020.

Woodburn caused the judgment to be recorded against the Debtor's real property in the official records of Washoe County on March 31, 2020. The recorded version of Woodburn's judgment contains the entire Order issued by the District Court, along with the required affirmation statement. The recorded copy of the Woodburn Judgment reflects the following:

- The name of the Judgment Creditor Shawn B. Meador of Woodburn and Wedge.
- The address of the Judgment Creditor (which undoubtedly was unnecessary given his former representation of the Judgment Debtor immediately prior to obtaining the judgment).



- Multiple, clear and obvious references to the judgement debtor, Scott Alan Corridan, the relevant case number and Court from which the judgment was issued, and the amount of the judgment.

Based on the above facts, Woodburn filed a Proof of claim in the Debtor's bankruptcy case asserting a secured claim in the amount of $40,212.35, $36,712.65 of which is secured against the Debtor's real property. *See* POC 13-2.

### E. Horowitz – Judgment Lien recorded June 22, 2022.

On September 28, 2021, Horowitz obtained a *Default Judgment Against Defendant Scott A. Corridan*, in the Napa County, California Superior Court (the "Horowitz California Judgment").

On June 8, 2022, Horowitz commenced Case No. CV22-00906 in the Second Judicial District Court to domesticate the Horowitz California Judgment in Nevada ("Horowitz Domestication Action"). In complying with Uniform Enforcement of Judgments Act (NRS 17.330 to 17.500), Horowitz filed several documents in the Horowitz Domestication Action, including the following: (1) a *Foreign Judgment [NRS 17.350]* attaching an exemplified copy of the Horowitz California Judgment—which became a Nevada judgment upon its filing under NRS 17.350 (the "Horowitz Nevada Judgment"); and (2) an *Affidavit in Support of Filing Foreign Judgment [NRS 17.360]* (the "Horowitz Affidavit in Support of Judgment"). The Horowitz Nevada Judgment was recorded in the Washoe County Recorder's Office on June 29, 2022, as Doc # 5314943.

The recorded copy of the Horowitz Nevada Judgment reflects the following:

- The name of the Judgment Creditor, Kevin Horowitz, Sole Proprietor of St. Helena Construction Company.
- The addresses and phone numbers of the Judgment Debtor's California and Nevada counsel.
- The name of the Judgment Debtor, reflected as both Scott Corridan, an individual and Scott A. Corridan.

- The Case Numbers in both relevant courts (Napa County, California and Washoe County, Nevada).

Based on the above facts, Horowitz filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $387,813.49 as of the Petition Date. *See* POC 31-2.

28. Defendants, STEVEN BALDWIN and TERRE BALDWIN filed their foreign judgment pursuant to NRS 17.350 and recorded this judgment, which contained the name of the Debtor and the assessor's parcel number of the Property, as required by NRS 17.150(4), pursuant to NRS 17.150(2) along with an affidavit pursuant to NRS 17.360 (affidavit in support of foreign judgement) but did not record an affidavit pursuant to NRS 17.150(4) along with their recorded judgement. *See* Declaration of Holly E. Estes, Esq., in support of Motion.

**Disputed Lien Claimants Response: <u>Disputed</u>**. The Baldwins do not dispute that they filed their foreign judgment pursuant to NRS 17.350 and recorded this judgment, which contained the name of the Debtor and the assessor's parcel number of the Property, as required by NRS 17.150(4), pursuant to NRS 17.150(2) along with an affidavit pursuant to NRS 17.360 (affidavit in support of foreign judgement). The Baldwins **<u>dispute</u>** that they did not record an affidavit pursuant to NRS 17.150(4) along with their recorded judgement. The Baldwins affirmatively allege that they recorded the Baldwin Affidavit of Judgment Creditor, which, on its cover page, was entitled *Affidavit of Judgment Creditor [NRS 17.150]*, and which was recorded as Doc #4936399. *See attached* <u>**Exhibit 1**</u>. The face of the recorded Baldwin Affidavit of Judgment Creditor reflects the following information, made under sworn statement:

- The name and last known addresses of the Judgment Debtor. Included in these addresses is the Pelton Lane Property at issue in this litigation, reflected as follows:

    **"(Residence Address: 223 Pelton Lane, Incline Village, NV 89451"**.

///

///

///



15

- The APN of the Pelton Lane Property, reflected as follows: **"Washoe APN# 130-163-23"**.
- The name and address of the Judgment Creditors' and Judgment Debtor's attorneys.

DATED: February 20, 2024.

              **HUMPHREY O'ROURKE PLLC**

              **By:** /s/ *L. Edward Humphrey*
                L. Edward Humphrey, Esq.
              *Attorneys for Steven and Terre Baldwin, Big Water Investments, LLC, and Kevin Horowitz, sole proprietor of St. Helena Construction Company*

| **KAEMPFER CROWELL** | **WOODBURN AND WEDGE** |
|---|---|
| **By:** /s/ *Louis M. Bubala III* | **By:** /s/ *Seth J. Adams* |
|  Louis M. Bubala III, Esq. |  Seth J. Adams, Esq. |
| *Attorneys for Rock & Rose, Inc.* | *Attorneys for Woodburn and Wedge* |



16