L. Edward Humphrey, Esq., NSB 9066
Patrick O'Rourke, Esq., NSB 13557
**HUMPHREY O'ROURKE PLLC**
201 W. Liberty Street, Suite 350
Reno, Nevada 89501
Tel:	(775) 420-3500
Fax:	(775) 683-9917
ed@hlawnv.com
patrick@hlawnv.com
*Attorneys for Steven and Terre Baldwin, Big Water Investments, LLC, and Kevin Horowitz, sole proprietor of St. Helena Construction Company*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SCOTT A. CORRIDAN,<br><br>Debtor.<br><br>―――――――――――<br><br>EDWARD M. BURR, in his capacity as Chapter 7 Trustee for the bankruptcy estate of SCOTT CORRIDAN,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>STEVEN BALDWIN; TERRE BALDWIN; BIG WATER INVESTMENTS, LLC, a Nevada limited liability company; ROCK & ROSE, INC.; WOODBURN & WEDGE; and KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY,<br><br>　　　　　Defendants. | Case No.: 22-50366-hlb<br>Chapter 7<br><br>**Adv. No. 23-05013-hlb**<br><br>**AMENDED STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DISPUTED LIEN CLAIMANTS' COUNTERMOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, COUNTERMOTION FOR SUMMARY JUDGMENT AGAINST TRUSTEE ON CLAIMS 1-4 AND 6, AND REQUEST FOR COURT TO DIRECT ENTRY OF FINAL JUDGMENT**<br><br>Hearing Date: March 29, 2024<br>Hearing Time: 1:30 p.m. |



Creditors and Defendants Steven and Terre Baldwin (collectively, "Baldwins"), Big Water Investments, LLC ("Big Water"), Kevin Horowitz, sole proprietor of St. Helena Construction Company ("Horowitz"), Rock & Rose, Inc. ("Rock"), and Woodburn and Wedge ("Woodburn" and together with Baldwin, Big Water, and Rock the "Disputed Lien Claimants"), through their undersigned counsel of record, file this Statement of Undisputed Facts in support of their Countermotion for Judgment on the Pleadings or, in the Alternative, Countermotion for Summary Judgment Against the Trustee in response to *Plaintiff's Motion for Judgement on the Pleadings or, in the Alternative, Motion for Summary Judgement Against all Defendants on Claims 1-4 and 6, and Request for Court to Direct Entry of Final Judgement*, initially filed on January 12, 2024, at Adv. ECF No. 20 ("MSJ").[1, 2] Disputed Lien Claimants' position on each of Plaintiff's claimed facts is followed by additional material facts and supporting evidence showing a genuine issue of material fact in dispute.

1. The Debtor Scott A. Corridan (hereinafter the "Debtor") filed his voluntary petition under Chapter 11 of the United States Bankruptcy Code on July 12, 2022.

2. On June 16, 2023, the Order Granting Motion to Convert Case to Chapter 7 [BK ECF No. 160] was entered converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

3. On June 20, 2023, the United States Trustee appointed Edward M. Burr as interim Chapter 7 Trustee in the underlying bankruptcy case. See Appointment of Edward M. Burr as Trustee and Designation of Bond [BK ECF No. 166].

4. On October 13, 2023, the Trustee filed his Amended Complaint: (1) to Determine the Validity of Liens; (2) Trustee's Priority and Avoidance of Unperfected and

---

[1] All References to "Bankruptcy Case" are to the underlying bankruptcy case of Scott A. Corridan, case no. 22-50366-HLB, all references to "BK ECF No." and/or "BK DE" are to the docket entries in that Bankruptcy Case and all references to "Adv. ECF No." and/or "Adv. DE" are to docket entries in this adversary proceeding.  All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[2] This Amended Statement of Undisputed Facts if filed to correct minor errors in the original filed at Adv. ECF No. 40 and to correct the caption per the Notice of Docketing Error entered at Adv. ECF No. 42.



Invalid Liens [11 U.S.C. §544]; (3) Declaratory Relief; (4) Objection to Claims; and (6) Recovery of Property Transferred [11 U.S.C. §550] against all Defendants (the "Amended Complaint") [Adv. ECF No. 6].

    5.    On November 30, 2023, Defendants Steven Baldwin, Terre Baldwin, Big Water Investments, LLC and Kevin Horowitz, sole proprietor of St. Helena Construction Company filed their Answer [Adv. ECF No. 18] ("Baldwins', Big Water's, and Horowtiz's Answer") to the Amended Complaint.

    6.    Defendant Big Water Investments, LLC ("Big Water") filed POC 32 in the Bankruptcy Case on August 23, 2023, asserting a claim of $20,908.02, at 6.75% interest, stating the basis of the claim as "12/5/19 Judgment for Attorney's Fees & Costs Per NRS 108.2275", that the claim was secured by real estate and that the basis for perfection was a "Recorded Lien (Ex '2')."

    7.    The Sale Order approved the sale of the Property. Paragraph 4 of the Sale Order's Findings of Fact and Conclusions of Law [ECF No. 264 at 4:4-11] states, "[a]ll of the Judgement Creditors consent to the sale of the Property free and clear of their interests with the validity of these Disputed Liens to be resolved through the Adversary Proceeding. To the extent any Judgement Creditor is ultimately found to have a valid lien after an adjudication of that issue on the merits or resolution of that issue between the parties and approved by the Court, The Judgement Creditors' Disputed Lien, if any, shall attach to the proceeds from the sale of the Property, and shall not attach to the Property itself." Paragraph 6 of the Sale Order's Findings of Fact and Conclusions of Law [ECF No. 264 at 4:16-23] states, "The Court approves the stipulation placed on the record at the hearing on the Sale Motion between the Trustee and Horowitz, in which those parties stipulated and agreed that: (a) the Property shall be sold free and clear of any alleged lien, claim, or interest of Horowitz; (b) to the extent Horowitz is ultimately found to have a valid lien after an adjudication of that issue on the merits or resolution of that issue between the parties and approved by the Court, Horowitz's lien shall attach to the proceeds from the sale of the Property, and shall not attach to the Property itself." Paragraph 6 of the order portion of the Sale Order [ECF No. 264 at 6:22–7:5] states, "The

Property shall be transferred to the Buyers and, upon Closing (defined below), such transfer shall (i) be valid, legal, binding, and effective; (ii) vest the Buyers with all right, title, and interest in the Property; and (iii) upon payment of the Purchase Price, such transfer to the Buyers shall be free and clear of all Claims (as defined in Section 101(5) of the Bankruptcy Code), liens and interests (collectively, "Claims, Liens and Interests") in accordance with section 363(b) and (f) of the Bankruptcy Code. All Claims, Liens and Interests in the Property shall attach to the proceeds of the sale transaction, in the same order of their priority and with the same validity, force, and effect that they now have against the Property, subject to any claims and defenses the Trustee and the bankruptcy estate may possess with respect thereto."

       8.     Baldwin, Big Water, Horowitz, Rock and Woodburn each obtained a judgment against Debtor Scott A. Corridan prior to the Petition Date of July 12, 2022.

       9.     Baldin, Big Water, Horowitz, Rock and Woodburn each complied with NRS 17.150(2) in the recording of each of their respective judgment liens at issue in this litigation.

      10.    On September 19, 2022, Baldwin filed a Proof of Claim ("POC") 10-1 in the Bankruptcy Case, asserting a claim of $76,138.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate."

      11.    On October 18, 2022, Baldwin filed POC 10-2 in the Bankruptcy Case, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate."

      12.    On August 9, 2023, Baldwin filed POC 29-1 in the Bankruptcy Case on August 9, 2023, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." Proof of Claim 29 was filed to correct deficiencies present in Proof of Claim No. 10.

      13.    On August 23, 2023, Defendant, Big Water Investments, LLC, filed POC 32 in the Bankruptcy Case, asserting a claim of $20,908.02, at 6.75% interest, stating the basis of the claim as "12/5/19 Judgment for Attorney's Fees & Costs Per NRS 108.2275", that the claim was secured by real estate and that the basis for perfection was a "Recorded Lien (Ex '2')."



14. On September 20, 2022, Defendant, Rock & Rose, Inc., filed Proof of Claim No. 15 in the Bankruptcy Case alleging that it had a secured claim on account of a "Recorded Order Granting Default Judgement" in the amount of $58,678.54.

15. On September 20, 2022, Woodburn and Wedge filed Proof of Claim No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $72,038.86 on account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien".

16. On August 22, 2023, Woodburn and Wedge filed Amended Proof of Claim No. 13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $40,212.35 on account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien".

17. On August 23, 2023, Horowitz filed POC 31 in the Bankruptcy Case on August 23, 2023, asserting a claim of $387,813.49, secured by real estate and that the basis for perfection was a "Recorded Judgment Lien (See attached Exhibit 1)." *See* POC 31. Horowitz filed POC 31-2 in the Bankruptcy Case on August 23, 2023, asserting a claim of $387,813.49, secured by real estate and that the basis for perfection was a "Recorded Judgment Lien (See attached Exhibit 1)." *See* POC 31-2.

18. All Defendants allege a security interest in the Bankruptcy Case estate's real property located at 223 Pelton Lane, Incline Village, Nevada 89451 (the "Property") and/or the proceeds from the sale of the Property.

19. On September 12, 2023, the Bankruptcy Court entered its Order Granting Amended Motion to Sell Property Free and Clear of Liens, Claims and Interests [223 Pelton Lane, Incline Village, Nevada] and Pay Real Estate Commission [BK ECF No. 264] (the "Sale Order").

20. In the Sale Order, the Court approved the sale of the Property. Paragraph 4 of the Sale Order's Findings of Fact and Conclusions of Law [BK ECF No. 264 at 4:4-11] states, "[a]ll of the Judgement Creditors consent to the sale of the Property free and clear of their interests with the validity of these Disputed Liens to be resolved through the Adversary Proceeding. To the extent any Judgement Creditor is ultimately found to have a valid lien after an adjudication of that issue on the merits or resolution of that issue between the parties and



5

approved by the Court, The Judgement Creditors' Disputed Lien, if any, shall attach to the proceeds from the sale of the Property, and shall not attach to the Property itself." Paragraph 6 of the Sale Order's Findings of Fact and Conclusions of Law [BK ECF No. 264 at 4:16-23] states, "The Court approves the stipulation placed on the record at the hearing on the Sale Motion between the Trustee and Kevin Horowitz, sole proprietor of St. Helena Construction Company ("Horowitz"), in which those parties stipulated and agreed that: (a) the Property shall be sold free and clear of any alleged lien, claim, or interest of Horowitz; (b) to the extent Horowitz is ultimately found to have a valid lien after an adjudication of that issue on the merits or resolution of that issue between the parties and approved by the Court, Horowitz's lien shall attach to the proceeds from the sale of the Property, and shall not attach to the Property itself." Paragraph 6 of the order portion of the Sale Order [BK ECF No. 264 at 6:22–7:5] states, "The Property shall be transferred to the Buyers and, upon Closing (defined below), such transfer shall (i) be valid, legal, binding, and effective; (ii) vest the Buyers with all right, title, and interest in the Property; and (iii) upon payment of the Purchase Price, such transfer to the Buyers shall be free and clear of all Claims (as defined in Section 101(5) of the Bankruptcy Code), liens and interests (collectively, "Claims, Liens and Interests") in accordance with section 363(b) and (f) of the Bankruptcy Code. All Claims, Liens and Interests in the Property shall attach to the proceeds of the sale transaction, in the same order of their priority and with the same validity, force, and effect that they now have against the Property, subject to any claims and defenses the Trustee and the bankruptcy estate may possess with respect thereto."

21.  Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE each obtained a judgment in their respective favor and against the Debtor prior to the Petition Date.

22.  Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA CONSTRUCTION COMPANY and WOODBURN & WEDGE each recorded a transcript of the original docket or an abstract or copy of a judgment or decree of a district court of the State



of Nevada or the District Court or other court of the United States in and for the District of Nevada, the enforcement of which has not been stayed on appeal, certified by the clerk of the court where the judgment or decree was rendered, recorded in office of the county recorder for Washoe County, and when so recorded each judgment became a lien upon all the real property of the judgment debtor not exempt from execution, consistent with NRS 17.150(2). Each of the Disputed Lien Claimants' recorded judgments respectively contained the following information in substantial compliance with NRS 17.150(4):

**(a) Baldwin – Judgment Lien and Affidavit Recorded August 1, 2019.**

On July 3, 2019, the Baldwins obtained a $76,138.66 judgment against Scott Corridan and his company Scott Corridan Design in the Placer County, California Superior Court (the "Baldwin California Judgment"). On July 31, 2019, the Baldwins commenced Case No. CV19-01502 in the Second Judicial District Court to domesticate the Baldwin California Judgment in Nevada ("Baldwin Domestication Action"). In compliance with the Uniform Enforcement of Judgments Act (NRS 17.330 to 17.550), the Baldwins filed several documents in the Baldwin Domestication Action, including the following: (1) a *Foreign Judgment [NRS 17.350]* that attached an exemplified copy of the Baldwin California Judgment—which became a Nevada judgment upon its filing under NRS 17.350 (the "Baldwin Nevada Judgment"); and (2) an *Affidavit in Support of Filing Foreign Judgment [NRS 17.360]* (the "Baldwin Affidavit in of Judgment Creditor"). The next day, August 1, 2019, the Baldwins recorded both of these documents in the Washoe County Recorder's Office, as follows: (1) an exemplified copy of the Baldwin Nevada Judgment was recorded as Doc # 4936398; and (2) a copy of the Baldwin Affidavit in Support of Judmgent, retitled on the cover page as an *Affidavit of Judgment Creditor [NRS 17.150]*, was recorded as Doc #4936399 (the "Baldwin Affidavit of Judgment Creditor").

The recorded copy of the Baldwin Nevada Judgment reflects the following information:
- The name of the Judgment Creditors, Steven Baldwin and Terre Baldwin.
- The name of the Judgment Debtor, Scott Corridan.



- The address and phone number of the Judgment Debtor's California and Nevada counsel.
- The **APN # 130-163-23** of the Pelton Lane Property owned by the Judgment Debtor in Washoe County (the Property at issue in this litigation).
- The Case Numbers in both relevant courts (Placer County, California and Washoe County, Nevada).

In addition to the above information, the face of the recorded Baldwin Affidavit of Judgment Creditor reflects the following information, made under sworn statement:

- The name and last known addresses of the Judgment Debtor. Included in these addresses is the Pelton Lane Property at issue in this litigation, reflected as follows: **"(Residence Address: 223 Pelton Lane, Incline Village, NV 89451".**
- The APN of the Pelton Lane Property, reflected as follows: **"Washoe APN# 130-163-23"**.
- The name and address of the Judgment Creditors' and Judgment Debtor's attorneys.

Based on the above facts, the Baldwins filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $103,355.66 as of the Petition Date. *See* POC 10-2 (filed 10/18/2022); and POC 29-1 (filed 8/9/2023).[3]

### (b) Big Water – Judgment Lien Recorded December 16, 2019.

The dispute between Big Water and Corridan involves Corridan's August 20, 2019, improper recording of 18 mechanic's liens against a condominium project owned by Big Water (allegedly related to design services provided by Corridan). After Corridan recorded the mechanic's liens, Big Water moved for an Order to Show Cause why they shouldn't be released. The Court held a hearing and ultimately found Corridan did not have mechanic's lien rights under the relevant statute and ordered the liens expunged. The court also found the liens

---

[3] The Proof of Claim Deadline was August 25, 2023, thus both Claims 10-2 and 29-1 were timely.



8

were frivolously filed and ultimately awarded Big Water its attorney's fees and costs under NRS 108.2275 and NRS 18.010(2)(b). The court entered its *Order Granting Motion for Attorney's Fees under NRS 108.2275* on December 12, 2019, awarding Big Water $16,858.23 in attorney's fees and costs, plus post-judgment interest at the legal rate (the "Big Water Judgment"). The Big Water Judgment was recorded in the Washoe County Recorder's Office on December 16, 2019, as Doc # 4982828.

The recorded copy of the Big Water Judgment reflects the following information:
- The name of the Judgment Creditor, Big Water Investments, LLC
- The name of the Judgment Debtor, Scott Corridan, individually and dba Scott Corridan Design.
- The APN of the Pelton Lane Property owned by the Judgment Debtor in Washoe County (the property at issue in this litigation), reflected as follows: **"APNS: 130-163-23"**.
- The address and phone number of the Judgment Creditor's counsel.

Based on the above facts, Big Water filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $20,908.02 as of the Petition Date. *See* POC 32-1.

### (c) Rock & Rose, Inc. – Judgment Lien recorded February 11, 2020.

On October 3, 2019, 2022, Rock commenced Case No. CV19-01920 in the Second Judicial District Court against Corridan for unpaid landscaping work done on Corridan's house—the very property at dispute in this litigation. On December 19, 2019, the state court entered a default judgment against Corridan. The Rock Judgment recorded in the Washoe County Recorder's Office on February 11, 2020, as Doc # 4999922.

The recorded copy of the Horowitz Nevada Judgment reflects the following:
- The name of the Judgment Creditor, Rock.
- The name and address of the counsel and firm representing Rock.



- The name of the Judgment Debtor, both as Scott Corridan and dba Scott Corridan Design. Additionally, as Mr. Corridan was not represented by counsel, he serves as his own counsel.
- The APN # 130-163-23 of real property owned by the Judgment Debtor in Washoe County (the property at issue in this litigation).
- The Case Number for the court in Washoe County, Nevada.

Based on the above facts, Rock filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $56,678.54 as of the Petition Date. *See* POC 15.

### (d) <u>Woodburn and Wedge – Judgment Lien recorded March 31, 2020.</u>

Woodburn is an acknowledged creditor in this bankruptcy case. *See* Debtor's Sch. D, ECF 27, Section 2.12. The Debtor incurred pre-petition legal fees to Woodburn unrelated to this bankruptcy case. Due to non-payment, Woodburn obtained an "Order Establishing Attorney's Lien; Judgment" from the Second Judicial District Court. See Exhibit 2 to Woodburn's Amended Proof of Claim, No. 13-2, which was issued by the District Court on March 22, 2020.

Woodburn caused the judgment to be recorded against the Debtor's real property in the official records of Washoe County on March 31, 2020. The recorded version of Woodburn's judgment contains the entire Order issued by the District Court, along with the required affirmation statement. The recorded copy of the Woodburn Judgment reflects the following:

- The name of the Judgment Creditor Shawn B. Meador of Woodburn and Wedge.
- The address of the Judgment Creditor (which undoubtedly was unnecessary given his former representation of the Judgment Debtor immediately prior to obtaining the judgment).
- Multiple, clear and obvious references to the judgement debtor, Scott Alan Corridan, the relevant case number and Court from which the judgment was issued, and the amount of the judgment.



Based on the above facts, Woodburn filed a Proof of claim in the Debtor's bankruptcy case asserting a secured claim in the amount of $40,212.35, $36,712.65 of which is secured against the Debtor's real property.  *See* POC 13-2.

### (e) Horowitz – Judgment Lien recorded June 22, 2022.

On September 28, 2021, Horowitz obtained a *Default Judgment Against Defendant Scott A. Corridan*, in the Napa County, California Superior Court (the "Horowitz California Judgment").

On June 8, 2022, Horowitz commenced Case No. CV22-00906 in the Second Judicial District Court to domesticate the Horowitz California Judgment in Nevada ("Horowitz Domestication Action").  In complying with Uniform Enforcement of Judgments Act (NRS 17.330 to 17.500), Horowitz filed several documents in the Horowitz Domestication Action, including the following:  (1)  a *Foreign Judgment [NRS 17.350]* attaching an exemplified copy of the Horowitz California Judgment—which became a Nevada judgment upon its filing under NRS 17.350 (the "Horowitz Nevada Judgment"); and (2) an *Affidavit in Support of Filing Foreign Judgment [NRS 17.360]* (the "Horowitz Affidavit in Support of Judgment").

The Horowitz Nevada Judgment was recorded in the Washoe County Recorder's Office on June 29, 2022, as Doc # 5314943.

The recorded copy of the Horowitz Nevada Judgment reflects the following:

- The name of the Judgment Creditor, Kevin Horowitz, Sole Proprietor of St. Helena Construction Company.
- The addresses and phone numbers of the Judgment Debtor's California and Nevada counsel.
- The name of the Judgment Debtor, reflected as both Scott Corridan, an individual and Scott A. Corridan.
- The APN of the Pelton Lane Property, reflected as follows:  **"APNS: 130-163-23"**.
- The Case Numbers in both relevant courts (Napa County, California and Washoe County, Nevada).



Based on the above facts, Horowitz filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $387,813.49 as of the Petition Date.  *See* POC 31-2.

DATED:  February 20, 2024.

**HUMPHREY O'ROURKE PLLC**

**By:** /s/ *L. Edward Humphrey*
    L. Edward Humphrey, Esq.
*Attorneys for Steven and Terre Baldwin, Big Water Investments, LLC, and Kevin Horowitz, sole proprietor of St. Helena Construction Company*

**KAEMPFER CROWELL**

**By:** /s/ *Louis M. Bubala III*
    Louis M. Bubala III, Esq.
*Attorneys for Rock & Rose, Inc.*

**WOODBURN AND WEDGE**

**By:** /s/ *Seth J. Adams*
    Seth J. Adams, Esq.
*Attorneys for Woodburn and Wedge*

