1  HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
2  Estes Law, P.C.
605 Forest Street
3  Reno, Nevada  89509
Telephone (775) 321-1333
4  Facsimile (775) 321-1314
*Email: hestes@esteslawpc.com*
5  Counsel for Chapter 7 Trustee

*ELECTRONICALLY FILED*
*March 13, 2024*

6          UNITED STATES BANKRUPTCY COURT
                 DISTRICT OF NEVADA
7                    —ooOoo—

8  In Re:                                    Case No. 22-50366-hlb
                                             Chapter 7
9  SCOTT A. CORRIDAN,

10         Debtor.                           **Adv. No. 23-05013-hlb**

11  _____/

12  EDWARD M. BURR, in his capacity as       **CHAPTER  7  TRUSTEE'S**
Chapter 7 Trustee for the bankruptcy estate  **OPPOSITION  TO  DEFENDANTS'**
13  of SCOTT CORRIDAN,                       **COUNTERMOTION  FOR**
                                             **JUDGEMENT ON THE PLEADINGS**
14         Plaintiff,                        **OR,  IN  THE  ALTERNATIVE,**
                                             **MOTION  FOR  SUMMARY**
15  vs.                                      **JUDGEMENT  AGAINST  ALL**
                                             **DEFENDANTS ON CLAIMS 1-4 AND**
16  STEVEN BALDWIN; TERRE                    **6, AND REQUEST FOR COURT TO**
BALDWIN; BIG WATER                           **DIRECT  ENTRY  OF  FINAL**
17  INVESTMENTS, LLC, a Nevada limited       **JUDGEMENT**
liability company; ROCK & ROSE,
18  INC.; WOODBURN & WEDGE; and
KEVIN HOROWITZ, sole proprietor of
19  ST. HELENA CONSTRUCTION
COMPANY,                                     Hearing Date: March 29, 2024
20                                           Hearing Time: 1:30 p.m.
           Defendants.
21  _____/

22         Plaintiff, Chapter 7 Trustee, Edward M. Burr (the "Trustee"), by and through his

23  counsel, Holly E. Estes, Esq., of Estes Law, P.C., hereby files his opposition to the

24  Disputed Lien Claimants' Countermotion for Judgement on the Pleadings or, in the

25  Alternative, Motion for Summary Judgement Against all Defendants on Claims 1-4 and 6,

26  and Request for Court to Direct Entry of Final Judgement [DE 45] (the

27  "Countermotion").  This opposition is based upon the following memorandum of points

28  and authorities, the Trustee's Statement of Undisputed Facts [DE 21], the statement of

1   disputed facts filed in support hereof and filed herewith, the pleadings and papers on file

2   in this case, and any oral argument the Court will permit at the hearing hereon.

3                    **MEMORANDUM OF POINTS AND AUTHORITIES**

4   **A.    Introduction.**

5          The facts are largely undisputed.  The Trustee's Motion and the Disputed Lien

6   Claimants' Countermotion present three basic questions:

7          (A) whether NRS 17.150 requires that a judgement creditor comply with NRS

8   17.150 (2) through (4) in order to create a valid judgement lien on real property;

9          (B) if NRS 17.150 (4) is required to create a valid judgement lien on real property,

10  is strict compliance or substantial compliance required; and

11         (C) if substantial and not strict compliance with NRS 17.150 (4) is required, what

12  constitutes substantial compliance with NRS 17.150(4)?

13         This controversy is purely based upon unsettled state law, and the Nevada

14  Supreme Court is in the best position to resolve this case to its final conclusion.  The

15  basic threshold questions posed by this litigation are ripe for certification to the Nevada

16  Supreme Court pursuant to NRAP 5(a).  The Trustee respectfully requests that the

17  Bankruptcy Court consider staying ruling on the Trustee's Motion and Disputed Lien

18  Claimants' Countermotion and certify the questions pursuant to the draft order attached

19  hereto as Exhibit "A".

20  **B.    Argument.**

21         **1.    Certification of These Questions are Appropriate.**

22         This adversary was commenced against the Disputed Lien Claimants on the

23  premise that their recorded judgements are invalid as liens on the estates's Property or the

24  proceeds from the sale of the Property due to Disputed Lien Claimants failure to

25  contemporaneously record the affidavit of judgement with the information required by

26  NRS 17.150(4) upon the affiant's personal knowledge.  The only issues for resolution are

27  of state law. Federal courts are bound by the pronouncements of the state's highest court

28  on applicable state law. *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 524 (9th Cir.

1989). However, the decisions of Nevada appellate courts provide no controlling precedent on these issues of purely state law. "Only a state supreme court can provide what we can be assured are 'correct' answers to state law questions, because a state's highest court is the one true and final arbiter of state law. . . . When we write to a state law issue, we write in faint and disappearing ink: what we write does not bind any state court judge, and . . . once the state supreme court speaks the effect of anything we have written vanishes like the proverbial bat in daylight, only faster." *Sultenfuss v. Snow*, 35 F.3d 1494, 1504 (11th Cir. 1994) (Carnes, J., dissenting).

Here, the Disputed Lien Claimants' point the Court to a recent federal district court decision interpreting Nevada law. Sphere, LLC v. Pawnee Leasing Corp., 2023 U.S. Dist. LEXIS 207350. However, the Bankruptcy Court "must adhere to state court decisions—not federal court decisions—as the authoritative interpretation of state law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015).

The most direct and certain conclusion of this case is by certifying the question to the State's highest court. If the Court does not do so, this case is likely to result in appeals with the next court "guessing" what the Nevada Supreme Court would do. The Trustee believes that applying ordinary principles of statutory interpretation - NRS 17.150 should be read as a whole so as not to render NRS 17.150(4) meaningless, or without effect. If the affidavit of judgement is not required to be contemporaneously recorded with the judgement for the purpose of creating a judgement lien on property of the judgement debtor, then why does the statute say it does?

Nev. R. App. P. 5(a) provides in relevant part:

(a) **Power to Answer**. The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Appeals of this state.

///

The Nevada Supreme Court instructs that its assistance in answering such questions is appropriate "when its answers may "be determinative" of part of the federal case, there is no controlling [state] precedent, and the answer will help settle important questions of law." *Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 751, 137 P.3d 1161, 1164 (2006). It is submitted that certification is especially appropriate here, where there is Nevada Supreme Court precedent which, by virtue of being unpublished, is not "controlling," and adherence to such non-controlling precedent would completely resolve the case.

The procedures for certifying a question to the Nevada Supreme Court are set forth in Nev.R.App.P. (5)(b)-(d):

> **(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> **(c) Contents of Certification Order.** A certification order shall set forth:
> (1) The questions of law to be answered;
> (2) A statement of all facts relevant to the questions certified;
> (3) The nature of the controversy in which the questions arose;
> (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
> (5) The names and addresses of counsel for the appellant and respondent; and
> (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.
> **(d) Preparation of Certification Order.** The certification order shall be prepared by the certifying court, signed by the judge presiding at the hearing, and forwarded to the Supreme Court by the clerk of the certifying court under its official seal. The Supreme Court may require the original or copies of all or of any portion of the record before the certifying court to be filed with the certification order, if, in the opinion of the Supreme Court, the record or portion thereof may be necessary in answering the questions.

A draft order conforming to these requirements is attached hereto as Exhibit "A".

### 2.    The Trustee Incorporates His Arguments By Reference

The Chapter 7 Trustee hereby incorporates his arguments made in his Motion for Judgement on the Pleadings or, in the alternative, Motion for Summary Judgement against all Defendants on Claims 1-4 and 6, and Request for Court to Direct Entry of Final Judgement [DE 20] and Reply to the Disputed Lien Claimants' Joint Opposition to Trustee's Motion for Judgement on the Pleadings or, in the Alternative, Motion for Summary Judgement Against all Defendants on Claims 1-4 and 6, and Request for Court

1     to Direct Entry of Final Judgement [DE 64] as if set forth herein in full.

2         **3.**       **Reason and Public Policy Favor the Trustee's Position.**

3         Disputed Lien Claimants' that NRS 17.150(4) is not necessary to create a valid

4 judgement lien on the property of a judgement debtor is contrary to reason, common sense

5 and public policy. The "court first looks to the plain language of the statute." *A.F. Constr.*

6 *Co.*, 118 Nev. at 703, 56 P.3d at 890 (*citing Salas v. Allstate Rent-A-Car, Inc.*, 116 Nev.

7 1165, 1168, 14 P.3d 511, 513-14 (2000)). "[I]f the statutory language . . . fails to address

8 the issue, this court construes the statute according to that which 'reason and public policy

9 would indicate the legislature intended.'" *A.F. Constr. Co.*, 118 Nev. at 703, 56 P.3d at

10 890 (*quoting State, Dep't Mtr. Vehicles v. Vezeris*, 102 Nev. 232, 236, 720 P.2d 1208,

11 1211 (1986)).

12         The Trustee has fully laid out his arguments regarding the plain reading of the

13 statute and its heading, and the legislative intent. Reason and public policy also support

14 the Trustee's position that the affidavit of judgement is required to be contemporaneously

15 recorded along with the judgement in order to create a valid judgement lien on a

16 judgement debtor's property. Public policy and reason provide that the burden should be

17 on the judgement creditor who wishes to be paid on his judgement, and not borne on the

18 innocent improperly identified property owner or the innocent title company overseeing

19 an escrow. In fact, it was the title companies who went to the legislature identifying this

20 issue and surely wishing to absolve themselves of liability for regular instances of

21 misidentification regarding judgement debtors. This provision was enacted by the

22 legislature to protect the public, and put a very small additional requirement on a

23 judgement creditor. Reason and public policy favor that the affidavit of judgement

24 required by NRS 17.150(4) is required.

25 ///

26 ///

27 ///

28 ///

1

**CONCLUSION**

2    WHEREFORE, the Trustee requests that this Court enter a final judgement in its

3  favor on claims 1-4 and 6, and strongly consider certifying the identified questions to the

4  Nevada Supreme Court in order to bring this case to its final conclusion and obtain the

5  authoritative court's opinion on how the statute should be read.

6    DATED this 13th day of March, 2024.

7                                              ESTES LAW, P.C.

8                                    By:_____ */s/ Holly E. Estes*_____

9                                              HOLLY E. ESTES, ESQ.

10                                             Attorney for the Chapter 7 Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Holly E. Estes, Esq., hereby certify that on the 13th day of March, 2024, the foregoing document was served on all parties consenting to electronic service in this case via the Court's CM/ECF system of the Bankruptcy Court.

/s/ Holly E. Estes

_____

HOLLY E. ESTES

**ESTES LAW, P.C.**
**605 Forest Street**
**Reno, Nevada  89509**
**(775) 321-1333**

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\Opp Countermotion MJP MSJ 031324.wpd

7

# Exhibit "A"

# Exhibit "A"

1

2

3

4

5

6

7  HOLLY E. ESTES, ESQ.
   Nevada Bar No. 11797
8  Estes Law, P.C.
   605 Forest Street
9  Reno, Nevada  89509
   Telephone (775) 321-1333
10 Facsimile (775) 321-1314
   *Email: hestes@esteslawpc.com*
11 Counsel for Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
12                    DISTRICT OF NEVADA
                           —ooOoo—

13 In Re:                                    Case No. 22-50366-hlb

14
   SCOTT A. CORRIDAN,                        Chapter 7
15
              Debtor.
16                                           **Adv. No. 23-05013-hlb**
   _____/
17
   EDWARD M. BURR, in his capacity as
18 Chapter 7 Trustee for the bankruptcy estate
   of SCOTT CORRIDAN,
19
              Plaintiff,
20                                           Hearing Date: March 29, 2024
       vs.                                   Hearing Time: 1:30 p.m.
21
   STEVEN BALDWIN; TERRE
22 BALDWIN; BIG WATER
   INVESTMENTS, LLC, a Nevada limited
23 liability company; ROCK & ROSE,
   INC.; WOODBURN & WEDGE; and
24 KEVIN HOROWITZ, sole proprietor of
   ST. HELENA CONSTRUCTION
25 COMPANY,

26            Defendants.
   _____/
27
   **ORDER CERTIFYING QUESTIONS OF STATE LAW TO THE
28    NEVADA SUPREME COURT PURSUANT NEV. R. APP. P. 5**

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333     F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\Draft Ord Cert Questions to NVSC 031324.wpd

1    This Court having reviewed and considered the Motion for Judgement on the

2    Pleadings or, in the Alternative, Motion for Summary Judgement Against all Defendants

3    on Claims 1-4 and 6, and Request for Court to Direct Entry of Final Judgement [DE 20],

4    the Disputed Lien Claimants' Countermotion for Judgement on the Pleadings or, in the

5    Alternative, Motion for Summary Judgement Against Trustee on Claims 1-4 and 6, and

6    Request for Court to Direct Entry of Final Judgement [DE 45] and the pleadings filed and

7    related thereto, as well as the Chapter 7 Trustee's request for certification of questions of

8    state law to the Nevada Supreme Court, pursuant to Nev. R. App. P. 5, and for good cause

9    appearing, the request for certification is hereby **GRANTED**.

10    In accord with the requirements of Rule 5 of the Nevada Rules of Appellate

11    Procedure, Certification of Questions of Law, the Court sets forth the following:

12        1.    The questions of state law to be answered:

13            a.    whether NRS 17.150 requires that a judgement creditor comply with

14    NRS 17.150 (2) through (4) in order to create a valid judgement lien on real property?;

15            b.    if NRS 17.150 (4) is required to create a valid judgement lien on real

16    property, is strict compliance or substantial compliance required?; and

17            c.    if substantial and not strict compliance with NRS 17.150 (4) is

18    required, what constitutes substantial compliance with NRS 17.150(4)?

19        2.    The facts relevant to the questions certified are as follows:

20            a.    creditors obtained judgements against the debtor.

21            b.    creditors recorded their judgements with the Washoe County

22                Recorder consistent with NRS 17.150(2).

23            c.    creditors did not record an affidavit of judgement pursuant to NRS

24                17.150(4).

25            d.    creditors recorded documents do provide the judgement debtor's first

26                and last name.

27            e.    one judgement creditor's recorded documents contain the judgement

28                debtor's middle initial in addition to his first and last name.

**ESTES LAW, P.C.**
**605 Forest Street**
**Reno, Nevada 89509**
**(775) 321-1333**

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ-Draft Ord Cert Questions to NVSC 031324.wpd

2

1           f.     one judgement creditor's recorded documents contain the judgement

2           debtor's middle name in addition to his first and last name.

3           g.     some of the judgement creditors recorded documents include an

4           APN, which we now know is the APN of real property owned by the

5           judgement debtor at the time the judgement was recorded.

6           h.     one judgement creditor described the debtor's "last known address"

7           as 223 Pelton Way, Incline Village, Nevada, which is the property

8           upon which it is now claiming a valid judgement lien.

9        3.     This question arose in connection with an adversary proceeding between the

10  Chapter 7 Trustee of the judgement debtor's bankruptcy case estate, and the alleged

11  judgment lien creditors who claim to hold valid judgement liens on the bankruptcy case

12  estate's property, and the proceeds from the sale thereof.  The Trustee sought summary

13  judgement that the judgement creditors do not have a valid judgement liens and

14  alternatively sought certification of this question of state law to the Nevada Supreme

15  Court.  *See* Nev. R. App. P. 5(c)(3).

16        4.     The Trustee will be the Appellant, and the disputed lien claimants will be

17  the Respondent in the certification proceeding before the Nevada Supreme Court.  *See*

18  Nev. R. App. P. 5(c)(4).

19        5.     The Trustee is represented by Holly E. Estes, Esq., of Estes Law, P.C., 605

20  Forest Street, Reno, Nevada 89509; Steven and Terre Baldwin, Big Water Investments,

21  LLC, and Kevin Horowitz, sole proprietor of St. Helena Construction Company are

22  represented by L. Edward Humphrey, Esq., of Humphrey O'Royrke PLLC, 201 W.

23  Liberty Street, Ste. 350, Reno, Nevada 89501; Rock & Rose, Inc., is represented by Louis

24  M. Bubala, Esq., of Kaempfer Crowell, 50 W. Liberty Street, Ste. 1100, Reno, Nevada

25  89501; and Woodburn and Wedge is represented by Seth J. Adams, Esq., of Woodburn

26  and Wedge, 6100 Niel Rd., Ste. 500, Reno, Nevada 89511.  *See* Nev. R. App. P. 5(c)(5).

27        **IT IS SO ORDERED.**

28  *///*

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\Draft Ord Cert Questions to NVSC 031324.wpd

3

1  Submitted by:

2  ESTES LAW, P.C.

3  By:_____/s/ Holly E. Estes_____

4  HOLLY E. ESTES, ESQ.

5  Attorney for the Chapter 7 Trustee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ESTES LAW, P.C.**
**605 Forest Street**
**Reno, Nevada  89509**
**(775) 321-1333**

4

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\Draft Ord Cert Questions to NVSC 031324.wpd