HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Estes Law, P.C.
605 Forest Street
Reno, Nevada  89509
Telephone (775) 321-1333
Facsimile (775) 321-1314
*Email: hestes@esteslawpc.com*
Counsel for Chapter 7 Trustee

**ELECTRONICALLY FILED**
**March 15, 2024**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
—ooOoo—

| | |
|---|---|
| In Re: | Case No. 22-50366-hlb |
| | Chapter 7 |
| SCOTT A. CORRIDAN, | |
|     Debtor. | **Adv. No. 23-05013-hlb** |
| _____/ | |
| EDWARD M. BURR, in his capacity as Chapter 7 Trustee for the bankruptcy estate of SCOTT CORRIDAN, | **PLAINTIFF'S AMENDED STATEMENT OF DISPUTED FACTS IN SUPPORT OF TRUSTEE'S OPPOSITION TO DEFENDANTS' COUNTERMOTION FOR JUDGEMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT AGAINST TRUSTEE ON CLAIMS 1-4 AND 6, AND REQUEST FOR COURT TO DIRECT ENTRY OF FINAL JUDGEMENT** |
|     Plaintiff, | |
| vs. | |
| STEVEN BALDWIN; TERRE BALDWIN; BIG WATER INVESTMENTS, LLC, a Nevada limited liability company; ROCK & ROSE, INC.; WOODBURN & WEDGE; and KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY, | |
|     Defendants. | Hearing Date: March 29, 2024<br>Hearing Time: 1:30 p.m. |
| _____/ | |

Plaintiff, Chapter 7 Trustee, Edward M. Burr (the "Trustee"), by and through his counsel, Holly E. Estes, Esq., of Estes Law, P.C., hereby files his Amended Statement of Disputed Facts.  This statement of disputed facts is being filed in accordance with Local Rule 7056.

**STATEMENT OF DISPUTED FACTS**

1.	The Debtor Scott A. Corridan (hereinafter "Debtor") filed his voluntary petition under Chapter 11 of the United States Bankruptcy Code on July 12, 2022 [BK

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

1  DE 1[1]].

2  **RESPONSE:** Undisputed.

3    2. On June 16, 2023, the Order Granting Motion to Convert Case to Chapter 7
4  [BK DE 160] was entered converting the Chapter 11 case to a case under Chapter 7 of the
5  Bankruptcy Code.

6  **RESPONSE:** Undisputed.

7    3. On June 20, 2023, the United States Trustee appointed Edward M. Burr as
8  interim Chapter 7 Trustee in the underlying bankruptcy case. *See* Appointment of
9  Edward M. Burr as Trustee and Designation of Bond [BK DE 166].

10 **RESPONSE:** Undisputed.

11   4. On October 13, 2023, the Trustee filed his Amended Complaint: (1) to
12 Determine the Validity of Liens; (2) Trustee's Priority and Avoidance of Unperfected and
13 Invalid Liens [11 U.S.C. §544]; (3) Declaratory Relief; (4) Objection to Claims; and (6)
14 Recovery of Property Transferred [11 U.S.C. §550] against all Defendants (the
15 "Amended Complaint") [Adv. DE 6].

16 **RESPONSE:** Undisputed.

17   5. On November 30, 2023, Defendants Steven Baldwin, Terre Baldwin, Big
18 Water Investments, LLC and Kevin Horowitz, sole proprietor of St. Helena Construction
19 Company filed their Answer [Adv. ECF No. 18] ("Baldwins', Big Water's, and
20 Horowtiz's Answer") to the Amended Complaint.

21 **RESPONSE:** Undisputed.

22   6. Defendant Big Water Investments, LLC ("Big Water") filed POC 32 in the
23 Bankruptcy Case on August 23, 2023, asserting a claim of $20,908.02, at 6.75% interest,
24 stating the basis of the claim as "12/5/19 Judgment for Attorney's Fees & Costs Per NRS
25 108.2275", that the claim was secured by real estate and that the basis for perfection was

26

27   [1] All References to "Bankruptcy Case" are to the underlying bankruptcy case of Scott
28 A. Corridan, case no. 22-50366-HLB, and all references to "BK DE" are to the docket entries in that Bankruptcy Case.

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

2
F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

a "Recorded Lien (Ex '2')."

**RESPONSE:** Undisputed.

      7.      The Sale Order approved the sale of the Property. Paragraph 4 of the Sale Order's Findings of Fact and Conclusions of Law [ECF No. 264 at 4:4-11] states, "[a]ll of the Judgement Creditors consent to the sale of the Property free and clear of their interests with the validity of these Disputed Liens to be resolved through the Adversary Proceeding. To the extent any Judgement Creditor is ultimately found to have a valid lien after an adjudication of that issue on the merits or resolution of that issue between the parties and approved by the Court, The Judgement Creditors' Disputed Lien, if any, shall attach to the proceeds from the sale of the Property, and shall not attach to the Property itself." Paragraph 6 of the Sale Order's Findings of Fact and Conclusions of Law [ECF No. 264 at 4:16-23] states, "The Court approves the stipulation placed on the record at the hearing on the Sale Motion between the Trustee and Horowitz, in which those parties stipulated and agreed that: (a) the Property shall be sold free and clear of any alleged lien, claim, or interest of Horowitz; (b) to the extent Horowitz is ultimately found to have a valid lien after an adjudication of that issue on the merits or resolution of that issue between the parties and approved by the Court, Horowitz's lien shall attach to the proceeds from the sale of the Property, and shall not attach to the Property itself." Paragraph 6 of the order portion of the Sale Order [ECF No. 264 at 6:22–7:5] states, "The Property shall be transferred to the Buyers and, upon Closing (defined below), such transfer shall (i) be valid, legal, binding, and effective; (ii) vest the Buyers with all right, title, and interest in the Property; and (iii) upon payment of the Purchase Price, such transfer to the Buyers shall be free and clear of all Claims (as defined in Section 101(5) of the Bankruptcy Code), liens and interests (collectively, "Claims, Liens and Interests") in accordance with section 363(b) and (f) of the Bankruptcy Code. All Claims, Liens and Interests in the Property shall attach to the proceeds of the sale transaction, in the same order of their priority and with the same validity, force, and effect that they now have against the Property, subject to any claims and defenses the Trustee and the bankruptcy estate may possess with respect thereto."

**RESPONSE:** Undisputed.

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

3

8. Baldwin, Big Water, Horowitz, Rock and Woodburn each obtained a judgment against Debtor Scott A. Corridan prior to the Petition Date of July 12, 2022.

**RESPONSE:** Undisputed.

9. Baldwin, Big Water, Horowitz, Rock and Woodburn each complied with NRS 17.150(2) in the recording of each of their respective judgment liens at issue in this litigation.

**RESPONSE:** Disputed. Calls for a legal conclusion and, therefore, does not require a response. The Trustee does not dispute that Baldwin, Big Water, Horowitz, Rock and Woodburn each recorded their respective judgement liens with the Washoe County recorder, but the Trustee disputes that Defendants complied with NRS 17.150 for purposes of creating a valid lien on the estate's Property and the proceeds from the sale of the Property.

10. On September 19, 2022, Baldwin filed a Proof of Claim ("POC") 10-1 in the Bankruptcy Case, asserting a claim of $76,138.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate."

**RESPONSE:** Disputed. The Trustee does not dispute that Baldwin filed POC 10-1 in the Bankruptcy Case, asserting a claim of $76,138.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." The Trustee disputes that Baldwin is entitled to 10% interest after it domesticated its judgement in Nevada. The Trustee asserts that Nevada's legal rate of interest should be applied to calculate the Baldwin's claim amount and for any post-petition accrual of interest if Baldwin is deemed to have a valid judgement lien.

11. On October 18, 2022, Baldwin filed POC 10-2 in the Bankruptcy Case, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate."

**RESPONSE:** Disputed. The Trustee does not dispute that Baldwin filed POC 10-2 in the Bankruptcy Case, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real estate." The Trustee disputes that Baldwin is entitled to 10% interest after it domesticated its judgement in

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

4

1  Nevada. The Trustee asserts that Nevada's legal rate of interest should be applied to calculate
2  the Baldwin's claim amount and for any post-petition accrual of interest if Baldwin is deemed to
3  have a valid judgement lien.

4      12.    On August 9, 2023, Baldwin filed POC 29-1 in the Bankruptcy Case on August
5  9, 2023, asserting a claim of $103,355.66, at 10% interest, secured by real estate and that the
6  basis for perfection was a "[f]iled judgment lien against debtor's real estate." Proof of Claim 29
7  was filed to correct deficiencies present in Proof of Claim No. 10.

8  **RESPONSE:** Disputed. The Trustee does not dispute that Baldwin filed POC 29-1 in the
9  Bankruptcy Case on August 9, 2023, asserting a claim of $103,355.66, at 10% interest, secured
10 by real estate and that the basis for perfection was a "[f]iled judgment lien against debtor's real
11 estate." Proof of Claim 29 was filed to correct deficiencies present in Proof of Claim No. 10. The
12 Trustee disputes that Baldwin is entitled to 10% interest after it domesticated its judgement in
13 Nevada. The Trustee asserts that Nevada's legal rate of interest should be applied to calculate
14 the Baldwin's claim amount and for any post-petition accrual of interest if Baldwin is deemed to
15 have a valid judgement lien.

16     13.    On August 23, 2023, Defendant, Big Water Investments, LLC, filed POC 32 in
17 the Bankruptcy Case, asserting a claim of $20,908.02, at 6.75% interest, stating the basis of the
18 claim as "12/5/19 Judgment for Attorney's Fees & Costs Per NRS 108.2275", that the claim
19 was secured by real estate and that the basis for perfection was a "Recorded Lien (Ex '2')."

20 **RESPONSE:** Undisputed.

21     14.    On September 20, 2022, Defendant, Rock & Rose, Inc., filed Proof of Claim No.
22 15 in the Bankruptcy Case alleging that it had a secured claim on account of a "Recorded Order
23 Granting Default Judgement" in the amount of $58,678.54.

24 **RESPONSE:** Disputed. The Trustee does not dispute that Defendant, Rock & Rose, Inc.,
25 filed Proof of Claim No. 15 in the Bankruptcy Case alleging that it had a secured claim on
26 account of a "Recorded Order Granting Default Judgement" in the amount of $58,678.54.The
27 Trustee asserts that Nevada's legal rate of interest should be applied to calculate the Rock &
28 Rose's claim amount and for any post-petition accrual of interest if Rock & Rose, Inc., is deemed

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

5

1  to have a valid judgement lien.

2      15.    On September 20, 2022, Woodburn and Wedge filed Proof of Claim No. 13 in

3  the Bankruptcy Case alleging that it had a secured claim in the amount of $72,038.86 on

4  account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien".

5  **RESPONSE:** Undisputed.

6      16.    On August 22, 2023, Woodburn and Wedge filed Amended Proof of Claim No.

7  13 in the Bankruptcy Case alleging that it had a secured claim in the amount of $40,212.35 on

8  account of a "Judgement for Attorney fees" and a "Recorded Judgement Lien".

9  **RESPONSE:** Undisputed.

10      17.    On August 23, 2023, Horowitz filed POC 31 in the Bankruptcy Case on August

11  23, 2023, asserting a claim of $387,813.49, secured by real estate and that the basis for

12  perfection was a "Recorded Judgment Lien (See attached Exhibit 1)." *See* POC 31. Horowitz

13  filed POC 31-2 in the Bankruptcy Case on August 23, 2023, asserting a claim of $387,813.49,

14  secured by real estate and that the basis for perfection was a "Recorded Judgment Lien (See

15  attached Exhibit 1)." *See* POC 31-2.

16  **RESPONSE:** Disputed.  The Trustee does not dispute the above, but asserts that Nevada's

17  legal rate of interest should be applied to calculate the Horowitz's claim amount and for any

18  post-petition accrual of interest if Horowitz is deemed to have a valid judgement lien.

19      18.    All Defendants allege a security interest in the Bankruptcy Case estate's real

20  property located at 223 Pelton Lane, Incline Village, Nevada 89451 (the "Property") and/or the

21  proceeds from the sale of the Property.

22  **RESPONSE:** Undisputed.

23      19.    On September 12, 2023, the Bankruptcy Court entered its Order Granting

24  Amended Motion to Sell Property Free and Clear of Liens, Claims and Interests [223 Pelton

25  Lane, Incline Village, Nevada] and Pay Real Estate Commission [BK ECF No. 264] (the "Sale

26  Order").

27  **RESPONSE:** Undisputed.

28      20.    In the Sale Order, the Court approved the sale of the Property. Paragraph 4 of

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

6

1   the Sale Order's Findings of Fact and Conclusions of Law [BK ECF No. 264 at 4:4-11] states,
2   "[a]ll of the Judgement Creditors consent to the sale of the Property free and clear of their
3   interests with the validity of these Disputed Liens to be resolved through the Adversary
4   Proceeding. To the extent any Judgement Creditor is ultimately found to have a valid lien after
5   an adjudication of that issue on the merits or resolution of that issue between the parties and
6   approved by the Court, The Judgement Creditors' Disputed Lien, if any, shall attach to the
7   proceeds from the sale of the Property, and shall not attach to the Property itself." Paragraph 6
8   of the Sale Order's Findings of Fact and Conclusions of Law [BK ECF No. 264 at 4:16-23]
9   states, "The Court approves the stipulation placed on the record at the hearing on the Sale
10  Motion between the Trustee and Kevin Horowitz, sole proprietor of St. Helena Construction
11  Company ("Horowitz"), in which those parties stipulated and agreed that: (a) the Property shall
12  be sold free and clear of any alleged lien, claim, or interest of Horowitz; (b) to the extent
13  Horowitz is ultimately found to have a valid lien after an adjudication of that issue on the merits
14  or resolution of that issue between the parties and approved by the Court, Horowitz's lien shall
15  attach to the proceeds from the sale of the Property, and shall not attach to the Property itself."
16  Paragraph 6 of the order portion of the Sale Order [BK ECF No. 264 at 6:22–7:5] states, "The
17  Property shall be transferred to the Buyers and, upon Closing (defined below), such transfer
18  shall (i) be valid, legal, binding, and effective; (ii) vest the Buyers with all right, title, and
19  interest in the Property; and (iii) upon payment of the Purchase Price, such transfer to the
20  Buyers shall be free and clear of all Claims (as defined in Section 101(5) of the Bankruptcy
21  Code), liens and interests (collectively, "Claims, Liens and Interests") in accordance with
22  section 363(b) and (f) of the Bankruptcy Code. All Claims, Liens and Interests in the Property
23  shall attach to the proceeds of the sale transaction, in the same order of their priority and with
24  the same validity, force, and effect that they now have against the Property, subject to any
25  claims and defenses the Trustee and the bankruptcy estate may possess with respect thereto."
26  **RESPONSE:** Undisputed.
27       21.    Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER
28  INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

7

1  CONSTRUCTION COMPANY and WOODBURN & WEDGE each obtained a judgment in
2  their respective favor and against the Debtor prior to the Petition Date.
3  **RESPONSE:** Undisputed.

5  **DISCLOSURE: BECAUSE UNDISPUTED FACT 22 IS SO LONG THE TRUSTEE
6  WILL DO HIS BEST TO RESPOND TO EACH SUBPART**.  The Trustee generally
7  objects to the complexity of undisputed fact 22 which is several separate facts. The
8  Trustee generally **disputes** the alleged facts which call for legal conclusions.

10      22.    Defendants, STEVEN BALDWIN, TERRE BALDWIN, BIG WATER
11  INVESTMENTS, LLC, ROCK & ROSE, INC., KEVIN HOROWITZ, ST. HELENA
12  CONSTRUCTION COMPANY and WOODBURN & WEDGE each recorded a transcript of
13  the original docket or an abstract or copy of a judgment or decree of a district court of the State
14  of Nevada or the District Court or other court of the United States in and for the District of
15  Nevada, the enforcement of which has not been stayed on appeal, certified by the clerk of the
16  court where the judgment or decree was rendered, recorded in office of the county recorder for
17  Washoe County, and when so recorded each judgment became a lien upon all the real property
18  of the judgment debtor not exempt from execution, consistent with NRS 17.150(2).

20  **RESPONSE: Disputed.  Calls for a legal conclusion and, therefore, does not require a
21  response.**

23      Each of the Disputed Lien Claimants' recorded judgments respectively contained the
24  following information in substantial compliance with NRS 17.150(4):
25  **RESPONSE: Disputed.  Calls for a legal conclusion and, therefore, does not require a
26  response.**

28      **(a) Baldwin – Judgment Lien and Affidavit Recorded August 1, 2019.**

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

8

On July 3, 2019, the Baldwins obtained a $76,138.66 judgment against Scott Corridan and his company Scott Corridan Design in the Placer County, California Superior Court (the "Baldwin California Judgment").

**RESPONSE:** Undisputed.

On July 31, 2019, the Baldwins commenced Case No. CV19-01502 in the Second Judicial District Court to domesticate the Baldwin California Judgment in Nevada ("Baldwin Domestication Action").

**RESPONSE:** Undisputed.

In compliance with the Uniform Enforcement of Judgments Act (NRS 17.330 to 17.550), the Baldwins filed several documents in the Baldwin Domestication Action, including the following: (1) a *Foreign Judgment [NRS 17.350]* that attached an exemplified copy of the Baldwin California Judgment—which became a Nevada judgment upon its filing under NRS 17.350 (the "Baldwin Nevada Judgment"); and (2) an *Affidavit in Support of Filing Foreign Judgment [NRS 17.360]* (the "Baldwin Affidavit in of Judgment Creditor").

**RESPONSE:** DISPUTED. Baldwin fails to comply with Local Rule 7056 and cite to any evidence to support these alleged facts, or attach the supporting evidence to their Amended Statement of Undisputed Fact. Further this "fact" includes several legal conclusions, which do not require a response.

The next day, August 1, 2019, the Baldwins recorded both of these documents in the Washoe County Recorder's Office, as follows: (1) an exemplified copy of the Baldwin Nevada Judgment was recorded as Doc # 4936398; and (2) a copy of the Baldwin Affidavit in Support of Judgment, retitled on the cover page as an *Affidavit of Judgment Creditor [NRS 17.150]*, was

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

9

1  recorded as Doc #4936399 (the "Baldwin Affidavit of Judgment Creditor").

3  **RESPONSE:** DISPUTED. Baldwin fails to comply with Local Rule 7056 and cite to any
4  evidence to support these alleged facts, or attach the supporting evidence to their
5  Amended Statement of Undisputed Fact. Further this "fact" includes several legal
6  conclusions, which do not require a response.

8      The recorded copy of the Baldwin Nevada Judgment reflects the following information:
9  ☐ The name of the Judgment Creditors, Steven Baldwin and Terre Baldwin.
10 ☐ The name of the Judgment Debtor, Scott Corridan.
11 ☐ The address and phone number of the Judgment Debtor's California and Nevada
12 counsel.
13 ☐ The **APN # 130-163-23** of the Pelton Lane Property owned by the Judgment Debtor
14 in Washoe County (the Property at issue in this litigation).
15 ☐ The Case Numbers in both relevant courts (Placer County, California and Washoe
16 County, Nevada).

18 **RESPONSE:** DISPUTED. Baldwin fails to comply with Local Rule 7056 and cite to any
19 evidence to support these alleged facts, or attach the supporting evidence to their
20 Amended Statement of Undisputed Fact. The Baldwins failed to record the full legal
21 name of the judgement debtor (no middle name or initial), and failed to record a
22 contemporaneous affidavit **based upon personal knowledge,** and not information and
23 belief, as to the judgement debtor's last four digits of their social security number, last
24 four digits of the judgement debtor's government issued identification card or license, and
25 the assessor's parcel number and the address of the real property **and a statement that**
26 **the judgment creditor has confirmed that the judgment debtor is the legal owner of**
27 **that real property**;

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

10

In addition to the above information, the face of the recorded Baldwin Affidavit of Judgment Creditor reflects the following information, made under sworn statement:

☐ The name and last known addresses of the Judgment Debtor. Included in these addresses is the Pelton Lane Property at issue in this litigation, reflected as follows:

**"(Residence Address: 223 Pelton Lane, Incline Village, NV 89451".**

☐ The APN of the Pelton Lane Property, reflected as follows: **"Washoe APN# 130-163-23"**.

☐ The name and address of the Judgment Creditors' and Judgment Debtor's attorneys.

**RESPONSE:** DISPUTED.  Baldwin fails to comply with Local Rule 7056 and cite to any evidence to support these alleged facts, or attach the supporting evidence to their Amended Statement of Undisputed Fact. The Baldwins failed to record the full legal name of the judgement debtor (no middle name or initial), and failed to record a contemporaneous affidavit **based upon personal knowledge,** and not information and belief, as to the judgement debtor's last four digits of their social security number, last four digits of the judgement debtor's government issued identification card or license, and the assessor's parcel number and the address of the real property **and a statement that the judgment creditor has confirmed that the judgment debtor is the legal owner of that real property**.

Based on the above facts, the Baldwins filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $103,355.66 as of the Petition Date. *See* POC 10-2 (filed 10/18/2022); and POC 29-1 (filed 8/9/2023).

**RESPONSE:** The Trustee does not dispute that the Baldwins filed Proofs of Claim 10-2 and Proof of Claim 29-1.  The Trustee denies the remainder.

///

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

11

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

**(b) Big Water – Judgment Lien Recorded December 16, 2019.**

The dispute between Big Water and Corridan involves Corridan's August 20, 2019, improper recording of 18 mechanic's liens against a condominium project owned by Big Water (allegedly related to design services provided by Corridan). After Corridan recorded the mechanic's liens, Big Water moved for an Order to Show Cause why they shouldn't be released. The Court held a hearing and ultimately found Corridan did not have mechanic's lien rights under the relevant statute and ordered the liens expunged. The court also found the liens were frivolously filed and ultimately awarded Big Water its attorney's fees and costs under NRS 108.2275 and NRS 18.010(2)(b). The court entered its *Order Granting Motion for Attorney's Fees under NRS 108.2275* on December 12, 2019, awarding Big Water $16,858.23 in attorney's fees and costs, plus post-judgment interest at the legal rate (the "Big Water Judgment"). The Big Water Judgment was recorded in the Washoe County Recorder's Office on December 16, 2019, as Doc # 4982828.

**RESPONSE:** UNDISPUTED.

The recorded copy of the Big Water Judgment reflects the following information:
- The name of the Judgment Creditor, Big Water Investments, LLC
- The name of the Judgment Debtor, Scott Corridan, individually and dba Scott Corridan Design.
- The APN of the Pelton Lane Property owned by the Judgment Debtor in Washoe County (the property at issue in this litigation), reflected as follows: **"APNS: 130-163-23"**.
- The address and phone number of the Judgment Creditor's counsel.

Based on the above facts, Big Water filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $20,908.02 as of the Petition Date. *See* POC 32-1.

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

12

1  **RESPONSE:** DISPUTED.  Big Water failed to record the full legal name of the judgement debtor (no middle name or initial), and failed to record a contemporaneous affidavit **based upon personal knowledge,** and not information and belief, as to the judgement debtor's last four digits of their social security number, last four digits of the judgement debtor's government issued identification card or license, and the assessor's parcel number and the address of the real property **and a statement that the judgment creditor has confirmed that the judgment debtor is the legal owner of that real property**.

**(c) Rock & Rose, Inc. – Judgment Lien recorded February 11, 2020.**

On October 3, 2019, 2022, Rock commenced Case No. CV19-01920 in the Second Judicial District Court against Corridan for unpaid landscaping work done on Corridan's house—the very property at dispute in this litigation. On December 19, 2019, the state court entered a default judgment against Corridan. The Rock Judgment recorded in the Washoe County Recorder's Office on February 11, 2020, as Doc # 4999922.

**RESPONSE:** DISPUTED. The Trustee does not dispute that on October 3, 2019, 2022, Rock commenced Case No. CV19-01920 in the Second Judicial District Court against Corridan for unpaid landscaping work performed for the Debtor, or that on December 19, 2019, the state court entered a default judgment against the Debtor, or that the Rock Judgment was recorded in the Washoe County Recorder's Office on February 11, 2020, as Doc # 4999922.  The Trustee disputes the remainder of this "fact" as it is unsubstantiated and argumentative.

The recorded copy of the [Rock] Judgment reflects the following:
☐ The name of the Judgment Creditor, Rock.
☐ The name and address of the counsel and firm representing Rock.
☐ The name of the Judgment Debtor, both as Scott Corridan and dba Scott Corridan Design. Additionally, as Mr. Corridan was not represented by counsel, he serves as

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

13

1 his own counsel.

2 ☐ The APN # 130-163-23 of real property owned by the Judgment Debtor in Washoe

3 County (the property at issue in this litigation).

4 ☐ The Case Number for the court in Washoe County, Nevada.

5 Based on the above facts, Rock filed a Proof of Claim in the Debtor's bankruptcy case

6 asserting a secured claim against the Pelton Lane Property in the amount of $56,678.54 as of the

7 Petition Date. *See* POC 15.

8

9 **RESPONSE:** DISPUTED. Rock failed to record the full legal name of the judgement

10 debtor (no middle name or initial), and failed to record a contemporaneous affidavit

11 **based upon personal knowledge,** and not information and belief, as to the judgement

12 debtor's last four digits of their social security number, last four digits of the judgement

13 debtor's government issued identification card or license, and the assessor's parcel

14 number and the address of the real property **and a statement that the judgment creditor**

15 **has confirmed that the judgment debtor is the legal owner of that real property**.

16

17 **(d) Woodburn and Wedge – Judgment Lien recorded March 31, 2020.**

18 Woodburn is an acknowledged creditor in this bankruptcy case. *See* Debtor's Sch. D,

19 ECF 27, Section 2.12. The Debtor incurred pre-petition legal fees to Woodburn unrelated to

20 this bankruptcy case. Due to non-payment, Woodburn obtained an "Order Establishing

21 Attorney's Lien; Judgment" from the Second Judicial District Court. See Exhibit 2 to

22 Woodburn's Amended Proof of Claim, No. 13-2, which was issued by the District Court on

23 March 22, 2020.

24

25 **RESPONSE:** UNDISPUTED.

26

27 Woodburn caused the judgment to be recorded against the Debtor's real property in the

28 official records of Washoe County on March 31, 2020.

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

14

1  **RESPONSE:** DISPUTED.  The Woodburn recorded judgement does not show it was
2  recorded against any property.  The Trustee does not dispute that the Woodburn
3  judgement was recorded in Washoe County on March 31, 2020.
4
5     The recorded version of Woodburn's judgment contains the entire Order issued by the
6  District Court, along with the required affirmation statement.
7
8  **RESPONSE:** UNDISPUTED. The affirmation statement was provided by NRS 239B.030,
9  and is not an affidavit of judgement as required by NRS 17.150(4).
10
11     The recorded copy of the Woodburn Judgment reflects the following:
12  ☐ The name of the Judgment Creditor Shawn B. Meador of Woodburn and Wedge.
13  ☐ The address of the Judgment Creditor (which undoubtedly was unnecessary given
14  his former representation of the Judgment Debtor immediately prior to obtaining the
15  judgment).
16  ☐ Multiple, clear and obvious references to the judgement debtor, Scott Alan Corridan,
17  the relevant case number and Court from which the judgment was issued, and the
18  amount of the judgment.
19  Based on the above facts, Woodburn filed a Proof of claim in the Debtor's bankruptcy
20  case asserting a secured claim in the amount of $40,212.35, $36,712.65 of which is secured
21  against the Debtor's real property. *See* POC 13-2.
22
23  **RESPONSE:** DISPUTED.  Woodburn failed to provide the address of the judgement
24  debtor as required by NRS 17.150(4)(a), failed to include any identifying information for
25  the real property owned by the judgement debtor at the time the judgement was obtained,
26  failed to record a contemporaneous affidavit **based upon personal knowledge,** and not
27  information and belief, as to the judgement debtor's last four digits of their social security
28  number, last four digits of the judgement debtor's government issued identification card

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

15

1   or license, and the assessor's parcel number and the address of the real property **and a**
2   **statement that the judgment creditor has confirmed that the judgment debtor is the**
3   **legal owner of that real property**, as required by NRS 17.150(4)(b) and (c).

**(e) Horowitz – Judgment Lien recorded June 22, 2022.**

On September 28, 2021, Horowitz obtained a *Default Judgment Against Defendant Scott A. Corridan*, in the Napa County, California Superior Court (the "Horowitz California Judgment").

**RESPONSE:** UNDISPUTED.

On June 8, 2022, Horowitz commenced Case No. CV22-00906 in the Second Judicial District Court to domesticate the Horowitz California Judgment in Nevada ("Horowitz Domestication Action").

**RESPONSE:** UNDISPUTED.

In complying with Uniform Enforcement of Judgments Act (NRS 17.330 to 17.500), Horowitz filed several documents in the Horowitz Domestication Action, including the following: (1) a *Foreign Judgment [NRS 17.350]* attaching an exemplified copy of the Horowitz California Judgment—which became a Nevada judgment upon its filing under NRS 17.350 (the "Horowitz Nevada Judgment"); and (2) an *Affidavit in Support of Filing Foreign Judgment [NRS 17.360]* (the "Horowitz Affidavit in Support of Judgment").

**RESPONSE:** DISPUTED. Horowitz fails to comply with Local Rule 7056 and cite to any evidence to support these alleged facts, or attach the supporting evidence to their Amended Statement of Undisputed Fact. Further this "fact" includes several legal conclusions, which do not require a response. The Trustee disputes that the Affidavit in

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

16

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

Support of Judgement, which was provided pursuant to NRS 17.360, meets the separate and distinct requirements of the affidavit of judgement required by NRS 17.150.

The Horowitz Nevada Judgment was recorded in the Washoe County Recorder's Office on June 29, 2022, as Doc # 5314943.

**RESPONSE:** UNDISPUTED.

    The recorded copy of the Horowitz Nevada Judgment reflects the following:
- The name of the Judgment Creditor, Kevin Horowitz, Sole Proprietor of St. Helena Construction Company.
- The addresses and phone numbers of the Judgment Debtor's California and Nevada counsel.
- The name of the Judgment Debtor, reflected as both Scott Corridan, an individual and Scott A. Corridan.
- The APN of the Pelton Lane Property, reflected as follows: **"APNS: 130-163-23"**.
- The Case Numbers in both relevant courts (Napa County, California and Washoe County, Nevada).

**RESPONSE:** DISPUTED. Horowitz failed to provide the address of the judgement debtor as required by NRS 17.150(4)(a), failed to record a contemporaneous affidavit **based upon personal knowledge,** and not information and belief, as to the judgement debtor's last four digits of their social security number, last four digits of the judgement debtor's government issued identification card or license, and the assessor's parcel number and the address of the real property **and a statement that the judgment creditor has confirmed that the judgment debtor is the legal owner of that real property**, as required by NRS 17.150(4)(b) and (c).

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada 89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

17

1  Based on the above facts, Horowitz filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $387,813.49 as of the Petition Date. *See* POC 31-2.

**RESPONSE:** DISPUTED. The Trustee does not dispute that Horowitz filed a Proof of Claim in the Debtor's bankruptcy case asserting a secured claim against the Pelton Lane Property in the amount of $387,813.49 as of the Petition Date, but disputes the remainder of this allegation as argumentative.

DATED this 15th day of March, 2024.

ESTES LAW, P.C.

By: */s/ Holly E. Estes*

HOLLY E. ESTES, ESQ.
Attorney for the Chapter 7 Trustee

**ESTES LAW, P.C.**
**605 Forest Street**
**Reno, Nevada  89509**
**(775) 321-1333**

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

18

**CERTIFICATE OF SERVICE**

I, Holly E. Estes, Esq., hereby certify that on the 15th day of March, 2024, the foregoing document was served on all parties consenting to electronic service in this case via the Court's CM/ECF system of the Bankruptcy Court.

/s/ Holly E. Estes

_____

HOLLY E. ESTES

ESTES LAW, P.C.
605 Forest Street
Reno, Nevada  89509
(775) 321-1333

F:\Estes Law Backup 041422\Corridan, Scott\Adv. Claim Obj Lien Obj\MJP or MSJ\AMD Stmnt Disputed Facts Supp Opp Countermotion MJPMSJ 031524.wpd

19