Louis M. Bubala III, Esq. NSB 8974
**KAEMPFER CROWELL**
50 W. Liberty St., Ste. 1100
Reno, Nevada 89501
Tel:   (775) 852-3900
Fax:   (775) 327-2011
lbubala@kcnvlaw.com
*Attorneys for Rock & Rose, Inc.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SCOTT A. CORRIDAN,<br><br>Debtor. | Case No.:  22-50366-hlb<br>Chapter 7<br><br>**Adv. No. 23-05013-hlb** |
| EDWARD M. BURR, in his capacity as Chapter 7 Trustee for the bankruptcy estate of SCOTT CORRIDAN,<br>            Plaintiff,<br>     vs.<br><br>STEVEN BALDWIN; TERRE BALDWIN; BIG WATER INVESTMENTS, LLC, a Nevada limited liability company; ROCK & ROSE, INC.; WOODBURN & WEDGE; and KEVIN HOROWITZ, sole proprietor of ST. HELENA CONSTRUCTION COMPANY,<br><br>            Defendants. | **DECLARATION OF LOUIS M. BUBALA IN SUPPORT OF OPPOSITION TO EX PARTE MOTION FOR ORDER SHORTENING TIME**<br><br>**[CHAPTER 7 TRUSTEE'S MOTION TO CERTIFY QUESTIONS TO NEVADA SUPREME COURT]**<br><br>Hearing Date:  N/A<br>Hearing Time:  N/A |

///

///

///

1

I, LOUIS M. BUBALA III, declare as follows:

1.  I make the following statements on my own personal knowledge and would testify as to the same if called to do so by this Court.

2.  I am of counsel with the Kaempfer Crowell law firm, which serves as counsel to defendant Rock & Rose, Inc., in this proceeding.

3.  I became aware of *Sphere, LLC v. Pawnee Leasing Corp.*, 2023 U.S. Dist. LEXIS 207350, 2023 WL 8018293 (D. Nev. Nov. 17, 2023) no later than January 3, 2024, based on my review of my electronic files in preparing to brief the substantive matter in this proceeding.

4.  At some point in Fall 2023, trustee's counsel Holly Estes asked me what I thought about certifying the question about the judgment lien to the Nevada Supreme Court. I do not recall the exact date of the discussion. But I recall declining the proposition because of (1) defendants' belief in their straight-forward position and (2) the amount of time necessary to obtain a ruling from the Nevada Supreme Court.

5.  The parties in this proceeding agreed that there are no material factual disputes, such that the questions can be a resolved as a matter of law.

6.  As early as November 2023, the parties began discussing a briefing schedule to move for a judgment on the pleadings or for summary judgment.

7.  The court initially provided a tentative hearing date on February 9, 2024.

8.  On January 11, 2024, I advised Ms. Estes that I needed additional time to complete my client's motion for judgment on the pleadings. Ms. Estes responded that the trustee was prepared to proceed, and she filed the trustee's substantive motion the following day

9.  The issue of certification did not come up again until March 14, 2024. Mr. Estates emailed Mr. Humphrey, Mr. Adams and me, formally inquiring for the first time whether we would stipulate to certify the substantive questions to the Nevada Supreme Court, or consent to a hearing on shortened time for the trustee's motion.

10. I responded on behalf of all the defendants, declining the request because of (1) the plain language of the statute; (2) the reasoning of the existing decisions; and (3) the delay in seeking certification, first discussed months ago, and only sought after briefing was complete.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 18, 2024.

By: */s/ Louis M. Bubala III*
Louis M. Bubala III

3